## STATE *v.* ROBINSON.

The court will, on motion of the defendant, quash an indictment, if it appear upon its face that no judgment of conviction can be rendered upon it.

Also if it appear not to have been found within the period limited by statute.

So if it do not state the facts and circumstances necessary to constitute the offence charged.

Whether in an indictment to recover a fine or penalty of which one half is for the use of the prosecutor, it be necessary to name him. *Quære ?*

In an indictment found after the period limited for commencing prosecutions for the benefit in part or wholly of the prosecutor, it is not necessary that any prosecutor should be named.

INDICTMENT, found at the September term of the court of common pleas for this county, A. D. 1853, alleging that said Robinson, at Exeter, in said county, on the fifteenth day of March, A. D. 1847, did knowingly, wilfully and fraudulently conceal a large quantity, to wit, 200 pairs of boots, of the value of $400, of the property and personal estate of one John Rollins, then and there found and being, with intent to prevent the attachment or seizure of the same upon mesne process or execution. The respondent moved the court to quash the indictment for the causes following, to wit:

1. Because this prosecution was not commenced within two years from the commission of the alleged offence.

2. Because it is not alleged in the indictment that John Rollins, whose property it is averred the respondent concealed, was a debtor.

3. Because it is not stated in the indictment who is the complainant.

4. Because it is charged in the indictment, disjunctively, that the respondent concealed the property of said Rollins, to prevent its being taken on mesne process or execution.

*Marston,* for the defendant.

I. This prosecution is barred by the statute of limitations. Comp. Stat. ch. 224, §§ 8, 9.

II. The indictment does not allege that Rollins, whose property it is averred the respondent concealed, was a debtor.

The respondent cannot be convicted without proof that Rollins was a debtor, for it is concealment of the property of a debtor that constitutes the offence. Comp. Stat. ch. 229, § 21.

Whatever is necessary to be proved to warrant a conviction, must be alleged. *State* v. *Wilson*, 2 Conn. Rep. 135; *State* v. *Bacon*, 7 Vt. Rep. 222; *State* v. *Price*, 6 Halst. 203.

All the facts set forth in the indictment may be true, and yet no offence have been committed.

An indictment founded on a statute must follow the statute. Nothing can be taken by intendment. *Hamilton* v. *Commonwealth*, 3 Penn. Rep. 142; *Ubdergroft* v. *Commonwealth*, 6 Serg. & R. 5; *Commonwealth* v. *Stout*, 7 B. Mon. 247.

III. The indictment charges that the respondent concealed the property of Rollins to prevent its being taken on mesne process or execution. The offence must not be charged disjunctively. *State* v. *O'Bamnan*, 1 Bailey, 144.

It is an offence to conceal the property of a debtor to prevent its being taken on mesne process, and also to prevent its being taken on execution. With which offence is the respondent charged? Against which is he to defend?

The indictment should state who is the complainant, as he is entitled to one half of the fine.

Unless the record shows who is the complainant, how is the judgment to be made out?

WOODS, J. A motion to quash an indictment is one which is addressed to the discretion of the court, and may be granted in cases in which the indictment is so defective that no judgment can legally be rendered in the event of a conviction; or in the words of Sergeant Hawkins, " as will make any judgment whatsoever given on any part of it

against the defendant erroneous." Arch. Cr. Pl. 64; Hawk. Pl. Cr., B. 2, ch. 25, § 146.

By the English practice it would seem that the motion is not granted as of course, in all such cases, at the instance of the defendant, but that he is in many cases left to such legal defence as he may be advised to make, whether it be a plea, demurrer or other. Hawk. *ub. sup.;* Archb. *ub. sup.; Rex* v. *Johnson,* 1 Wils. 325; Com. Dig. Indictment H.; *Rex* v. *Inh. of Belton,* 1 Salk. 373; in which Lord *Holt,* in refusing the motion, remarked that " the party might as well move to quash a declaration without pleading to it."

The practice in this State, however, has been, to quash, upon motion of the defendant, when the indictment has appeared to be open to demurrer, and upon such a motion to consider the indictment substantially as upon demurrer, without, however, precluding that or any other form of defence from being afterwards set up.

The indictment in this case, found in September, 1853, charges the defendant with having concealed the goods of Rollins in March, 1847, and a motion is submitted to quash the indictment; first, because the prosecution was not commenced within two years from the commission of the alleged offence.

The statute, after defining the offence set up in the indictment and affixing the penalty, provides that one half of the fine shall be for the use of the complainant and the other half to the use of the county. Comp. Stat. ch. 229, §§ 20, 23.

By ch. 224, § 4, it is provided, that " all fines imposed by any statute may be recovered by information or indictment," unless a different provision be made.

By sections 8 and 9 of chapter 224, it is provided that if a fine or forfeiture, or any part thereof, is given by any statute to any prosecutor, and no person shall prosecute therefor within the time limited by such statute, an information may be filed, or an indictment may be found therefor within one

year after such limitation shall expire, and the penalty shall accrue to the use of the county, and (section 9,) " All suits or prosecutions founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year, and all other suits or prosecutions on such statute, within two years after the commission of the offence, unless otherwise specially provided."

The right of the complainant seeking to recover a part of the penalty for his own use, being limited to one year from the commission of the offence, and the period for finding an indictment being, by the eighth section, restricted to one year after that limitation has expired, it plainly comes too late, if found after six years and more from the perpetration of the offence. And all inquiry as to the time when the " prosecution " was actually commenced, by proceedings prior to the indictment, is excluded by the terms of the eighth section. The question now presents itself, whether the indictment ought for that cause to be quashed.

The 8th and 9th sections of chapter 224, which have been cited, are very similar in their provisions to the statute of 31 Eliz. ch. 5, § 5 ; in the construction of which it has always been held, that in penal actions, and informations *qui tam*, it was necessary for the plaintiff to show that he had commenced his prosecution or suit within the period assigned by the statute ; and that the defendant need not set it up in bar, but may take advantage of it on the general issue. Hawk. Pl. Cr. B. 2, ch. 26, § 45 ; Blanshard on Stat. Limit. 141–2, 180, 191 ; *Petrie* v. *White*, 3 Term Rep. 11 ; 2 Wms. Saund. 63, n. 6. The editor, in the last cited case, assigns as a reason for thus distinguishing this from the statute of 21 Jam. 1, commonly called the statute of limitations, that in penal actions, the debt accrues only upon the condition that the suit is seasonably brought. However that may be, the law is well settled ; and if the prosecutor fails in his evidence to show that the prosecution has been commenced

within the proper period, he is always nonsuited. Leigh, arg. in *Loyd* v. *Williams*, 3 Wils. 258.

Our statute authorizing an indictment for the recovery of fines and penalties, whether for the use of the prosecutor or the public, a strong argument might be derived from analogy, for applying to the present case the rule that has prevailed in *qui tam* actions and informations, and for holding, that upon the trial of such an indictment on the general issue, the defendant would be acquitted, if it appeared in any stage of the proceedings that they had not been seasonably commenced.

Now it is an established law of criminal pleading, that where the time when an act charged was done, is material, either as constituting an element of the crime, or as affording to the accused a bar to the proceeding, it must be accurately stated; and a variance between the allegation and proof is fatal. This rule has been illustrated by reference to the statute of 7 W. 3, limiting to three years prosecutions for certain acts of treason. 4 Bl. Com. 306. On this precise ground, the time when the offence is charged in this indictment to have been committed, is material, and must on trial be shown in proof. But being proved as alleged, the defendant must be acquitted.

There seems, therefore, no wise or salutary object in ordering or suffering a trial which can possibly have no other result than the acquittal of the defendant; and we have no doubt that the indictment ought to be quashed.

The second exception to the indictment is also well taken. It is an established principle in pleading, that " the indictment must state all the facts and circumstances which constitute the offence ; and that, too, with such certainty and precision that the defendant may be able to judge whether they constitute an indictable offence or not, in order that he may demur or plead to the indictment accordingly," &c. Archbold Crim. Pl. 43; *Commonwealth* v. *Griffin*, 21 Pick. 523; *State* v. *Bacon*, 7 Vt. Rep. 219.

State *v.* Robinson.

This indictment is founded upon section 21 of chapter 229 of the Compiled Statutes. The offence there described is concealing the property, of the value of one hundred dollars or upwards, of any debtor, with an intent to prevent its being seized on execution, or attached on process against such debtor. Unless the person whose property is so concealed is actually a debtor against whom such process has issued or may issue, it is plain that the offence described in the act is not committed. In other words, it is an essential feature in the description of the offence, that the party whose property is concealed appear to be such a debtor. This feature is wholly wanting in the indictment. It does not aver that Rollins was a debtor, and therefore fails to allege that the offence indicated in the statute was committed.

As to the omission of the name of a prosecutor, which is the third cause of exception, there seems to have been no occasion to name one, since, more than a year having expired after the commission of the offence, the right of such prosecutor to any part of the fine or penalty was barred by the statute limitation. The prosecution is purely a public one, and no prosecutor need be named in such case, even if it be necessary in those cases in which he has an interest, as to which we give no opinion.

These points dispose of the case, and it is unnecessary to give an opinion on the remaining one.

*Motion to quash granted.*