### STATE *v.* NASHUA & LOWELL RAILROAD.

An indictment upon Gen. St., *c.* 264, *s.* 14, for the benefit of the prosecutor, found more than one year after the act complained of, is barred by the statute of limitations.

INDICTMENT, found in 1877, upon Gen. St., *c.* 264, *s.* 14, for causing the death of a person in 1873. Motion to quash.

*George*, for the defendants.

*Burns*, for the state.

DOE, C. J.   "All suits or prosecutions founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year ; and all other suits and prosecutions thereon within two years after the commission of the offence, unless otherwise specially provided."   Gen. St., *c.* 248, *s.* 10 ; Rev. St., *c.* 211, *s.* 9 ; Act of Jan. 26, 1790.   This limitation applies not only to actions of debt on penal statutes (*Pike* v. *Madbury*, 12 N. H. 262, 264), but also to indictments on such statutes, wholly or in part for the benefit of the prosecutor.   *State* v. *Robinson*, 29 N. H. 274, 276 ; *State* v. *Hunkins*, 43 N. H. 557.   From 1850, when the act was passed on which this indictment is founded, to 1867, when the general statute of limitations for criminal cases (Gen. St., *c.* 242, *s.* 8) was introduced, the limitation of one and two years applied to cases of this kind.   And it does not appear that the general act of 1867 was intended to take this class of cases out of the operation of the limitation to which they had been subject seventeen years.

*Indictment quashed.*

STANLEY and BINGHAM, JJ., did not sit.