EDNA B. SMITH *v.* EDGAR TURNER.

SAME *v.* GENEVIEVE TURNER.

WILLIAM F. SMITH

(GENERAL EXCHANGE INSURANCE CORPORATION, *plaintiff in interest*)

*v.*

EDGAR TURNER.

SAME *v.* GENEVIEVE TURNER.

*William H. Sleeper* and *Sewall, Varney & Hartnett* (*Mr. Hartnett* orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Walter A. Calderwood, Jr.*, orally), for the defendants.

MARBLE, J. That part of the Massachusetts statute material to the present controversy provides that actions of tort for bodily injuries covered by the Massachusetts compulsory motor vehicle liability insurance law shall be commenced only within one year next after the cause of action accrues. The question presented is whether the limitation thus imposed is merely remedial or whether failure to bring suit within the stipulated time destroys the right of action.

It is true that where a statute creates a right of action unknown to the common law and fixes the time within which the action must be brought, the time thus fixed is usually regarded as a limitation of the right itself effective wherever the action may be instituted. *Connecticut &c. Co.* v. *Railroad*, 78 N. H. 553, 556-558. Statutes of limitation generally, however, relate to the remedy only, without affecting the right, and in the trial of the ordinary common-law action the statute of limitations which controls is that of the forum.

According to the decisions of the Massachusetts court, to which we must look for an authoritative construction of the statute which the defendants invoke (*Connecticut &c. Co.* v. *Railroad, supra*, 557; *Saloshin* v. *Houle*, 86 N. H. 132), that statute is one of the general class having no extra-territorial effect.

In the case of *Brown* v. *Indemnity Co.*, 298 Mass. 101, 103, 104, it is said: "The limitation of time for action has been held in some instances to restrict the right and not merely the remedy. . . . But an action for personal injuries covered by the Massachusetts compulsory motor vehicle liability insurance law is not one of them. In *McLearn* v. *Hill*, 276 Mass. 519, 522, it was said, 'The one year period fixed by the statute is not of the essence of the cause of action

and a limitation upon the right. The statute is a mere restriction upon the remedy. It must be pleaded. If not pleaded, it is deemed to be waived.' . . .

"The action of tort in the present case was maintainable in any jurisdiction in which the insured could be found and served with process. . . . It was governed by the statute of limitations of the forum, which might allow a greater time than one year."

It follows that the plaintiffs are entitled to maintain the present actions, since they were commenced within the six-year period prescribed by P. L., c. 329, s. 3.

*Case discharged.*

All concurred.

Rockingham, Dec. 3, 1940. } No. 3207.