Baruch S. LE WITT, Margaret L. Glackin

v.

WARNER BROS. PICTURES DISTRIBUTING CORPORATION, Paramount Film Distributing Corporation, Loew's, Incorporated, Twentieth Century-Fox Film Corporation, RKO Radio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation.

Miriam Z. LE WITT

v.

PARAMOUNT FILM DISTRIBUTING CORPORATION, Loew's, Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation.

Civ. A. Nos. 1505, 1529.

United States District Court
D. New Hampshire.

Feb. 27, 1957.

Devine & Millimet, J. Murray Devine, Manchester, N. H., George S. Ryan, W. Bradley Ryan, Boston, Mass., for plaintiffs.

Wyman, Starr, Booth, Wadleigh & Langdell, Robert P. Booth, Manchester, N. H., Nutter, McClennen & Fish, Robert W. Meserve, Boston, Mass., for defendants.

CONNOR, District Judge. ·

The defendants in these treble damage suits under the anti-trust laws (15 U.S.C.A. §§ 1, 2, 7, 12, 15, 16, 22, 26)

have moved for a partial summary judgment or, in the alternative, for a ruling in advance of any other proceedings that the cases are governed by the two-year New Hampshire statute of limitations pertaining to suits or prosecutions founded upon any penal statute for penalties and forfeitures. New Hampshire RSA 616:9. Since there is no applicable statute of limitations in the federal code, it is well established that this court must adopt the pertinent state statute. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; Momand v. Universal Film Exchanges, Inc. et al., 1 Cir., 172 F. 2d 37, 47. And it is the New Hampshire rule that in tort cases the statute of limitations of the forum, and not of the lex loci, controls. Smith v. Turner, 91 N.H. 198, 17 A.2d 87; Connecticut Valley Lumber Co. v. Maine Central R. R., 78 N.H. 553, 103 A. 263; see also Potter v. Lefebvre, 95 N.H. 482, 66 A.2d 643; Moylan v. Lamothe, 92 N.H. 299, 30 A.2d 11, and, for a ruling by this court, Burns Mortgage Co., Inc., v. Hardy, D.C., 19 F.Supp. 827.

New Hampshire has two statutes which limit the time in which a civil action may be instituted. The first, sometimes called the "remedial statute," is for six years.

"Actions of trespass to the person, actions for malpractice, and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." RSA 508:4.

The other, sometimes called the "penal statute," limits the bringing of certain actions to a shorter period.

"All suits or prosecutions founded upon any penal statute for penalties or forfeitures shall be brought within two years after the commission of the offense, unless otherwise specially provided." RSA 616:9.

The sole question presented is which of these statutes is applicable to the cases at bar.

▆▆▆▆ The Supreme Court of New Hampshire has held that RSA 616:9 is not applicable to cases of unliquidated damages. Whitaker v. Warren, 60 N.H. 20, 26, 27; Quimby v. Woodbury, 63 N.H. 370, 373. Although the state court does not discuss the rationale behind this rule, the rule is in line with a trend of cases which sought to limit the application of the shorter or "penal" statute where the action is remedial, or the damages recoverable are not a technical penalty or are merely incidental. 25 Cyc. 1055. The defendants attempt to overcome the impact of Whitaker v. Warren by citing several cases where the local courts did apply RSA 616:9 as a bar even though the damages sought were unliquidated. State v. Nashua & Lowell Railroad, 58 N.H. 182; State v. Manchester & Lawrence Railroad, 52 N.H. 528; State v. Robinson, 29 N.H. 274; State v. Hunkins, 43 N.H. 557. These are not in point because in each the state was plaintiff, and even though the damages were unliquidated, they, being "wholly or in part for the use of the prosecutor," clearly came within the terms of the penal statute of limitations as it was then written. Conformably with the rule of this circuit, that I am bound by the decisional law of the highest local court when interpreting and applying a state statute (see Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 195), the motions must be denied.

Appropriate orders will be so entered.