581 P.2d 345

Carl L. MILLER and Mary Jo Miller, husband and wife, and Margo Miller, Plaintiffs-Appellants,

v.

STAUFFER CHEMICAL COMPANY, a Delaware Corp., Defendant-Respondent.

No. 12321.

Supreme Court of Idaho.

July 12, 1978.

Michael W. Moore, of Imhoff, Lynch & Davis, Boise, for plaintiffs-appellants.

Mark S. Geston, of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendant-respondent.

McFADDEN, Justice.

This is an appeal from a judgment dismissing an action as barred by Idaho's borrowing statute, I.C. § 5–239, which applies the California statute of limitations. The judgment is affirmed.

Appellant Carl L. Miller was an Oregon resident employed as a truck driver at the time he was allegedly injured by employees of respondent Stauffer Chemical who were loading his truck at a California fertilizer plant. More than a year later and after California's one-year statute of limitation [1] on negligence actions had run, appellant moved from Oregon to Idaho without having filed suit in California. Nor had appellant filed suit in Oregon, which apparently he could have done under that state's two-year statute of limitation.[2] A few days before Idaho's two-year statute of limitation [3] had run, appellant filed a negligence action against respondent in an Idaho court, obtaining personal service on a resident agent.

Respondent moved to dismiss under I.R.C.P. 12(b), maintaining that the action is barred by lapse of time under Idaho's borrowing statute, I.C. § 5–239:

When a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action thereon can not there be maintained against a person by reason of the lapse of time, an action thereon shall not be main-

---

1. California Code of Civil Procedure § 340 provides that an action must be brought:

    Within one year:

    .    .    .    .    .

    3. An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Business and Professions Code Section 4826, for such person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding such animal or fowl or in the course of the practice of veterinary medicine on such animal or fowl .    .    ..

2. The applicable Oregon statute of limitation would apparently have been Ore.Rev.Stat. § 12.110(1), which provides:

    An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action of law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

3. Idaho Code § 5–219 provides that an action must be brought:

    Within two (2) years:

    .    .    .    .    .

    4. An action to recover damages for professional malpractice, or for an injury to the person, or for the death of one caused by the wrongful act or neglect of another, including any such action arising from breach of an implied warranty or implied covenant .    ..

    Appellant alleges that he was injured on November 2, 1973. This action was filed on October 30, 1975.

tained against him in this state, except in favor of one who has been a citizen of this state and who has held the cause of action from the time it accrued.

The court below agreed with respondent and dismissed the action. This appeal followed.

Appellant presents two issues on appeal. He first argues that the exception in I.C. § 5–239 for "one who has been a citizen of this state" does not require that a plaintiff be an Idaho resident when his cause of action accrues but only when he files suit.[4] Secondly, appellant maintains that I.C. § 5–239 as construed below is unconstitutional because it burdens the right to travel and violates the equal protection clause of the fourteenth amendment.[5]

### I.

█ This court rejects appellant's interpretation of I.C. § 5–239 and concludes that the district court properly construed and applied I.C. § 5–239 to the facts in the instant case. Under the statute, a cause of action that arises in California and is barred by the California statute of limitation cannot be maintained in Idaho unless the plaintiff comes within the exception for "one who has been a citizen of this state." We hold that under this exception, Idaho's statute of limitation will apply only if the plaintiff is an Idaho citizen *when the cause of action accrues.*

This court finds support for this holding not only in the linguistic structure of the statute [6] but also in other cases construing

similar statutes and in the legislative purpose of borrowing statutes.

Our borrowing statute was adopted in 1881 from identical California legislation.[7] The California cases construing the statute have rejected the construction urged by appellant. Under California cases, for the local statute of limitations to apply, a plaintiff must be a "citizen" of the forum when his action accrues rather than when he files suit. *Biewend v. Biewend,* 17 Cal.2d 108, 109 P.2d 701 (1941), *cited with approval* in *Grant v. McAuliffe,* 41 Cal.2d 859, 264 P.2d 944 (1953) (Traynor, J.) (dicta); *Stewart v. Spaulding,* 72 Cal. 264, 13 P. 661 (1887) (dicta). In *Biewend,* plaintiff brought suit for unpaid alimony payments that had accrued under a Missouri divorce decree entered twenty years earlier. The action was barred in Missouri but was not barred in California, unless the result was changed by the California borrowing statute. The California Supreme Court (per Traynor, J.) stated: "Since the plaintiff has not been a citizen of this state from the time the cause of action accrued, this section has the effect of applying the Missouri statute of limitations . . . ." 109 P.2d at 706.

█ There is further support for our construction in the legislative policy expressed in borrowing statutes. The common law rule governing choice of the applicable statute of limitation is that the forum normally applies its own statutes of limitations to actions before it, for various reasons. *Jackson v. Continental So. Lines, Inc.,* 172 F.Supp. 809 (W.D.Ark.1959) (applying Arkansas law); *Corrigan v. Clairol,*

---

4. Appellant does not dispute the lower court's ruling that this action "arose" in California. See, *West v. Theis,* 15 Idaho 167, 96 P. 932 (1908) (contract). Similarly, there is no dispute that in California this action is barred by that state's statute of limitation.

5. Appellant's constitutional claims were not fully presented below and therefore were not addressed by the district court. Because of the importance of the issues, however, this court requested that the parties file supplemental briefs addressing the constitutional questions.

6. Appellant points out that I.C. § 5–239 as adopted by the legislature was punctuated with a comma between *state* and *and*: "except in

favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued." That comma was apparently omitted from the 1919 and all subsequent codifications of the statute. Appellant urges that restoration of the fugitive comma changes the meaning of the statute so that "from the time it accrued" modifies only "who has held the cause of action." The argument is unpersuasive. Furthermore, the California statute has retained the comma but that state's courts have not adopted appellant's interpretation of the language in question.

7. Cal.Civ.Proc.Code § 361.

*Inc.,* 126 F.Supp. 791 (D.Conn.1954) (applying Connecticut law); *Pierce v. Stirling,* 225 Ark. 108, 279 S.W.2d 840 (1955); *Fimian v. Guy F. Atkinson Co.,* 209 Ga. 113, 70 S.E.2d 762 (1952); *Doughty v. Prettyman,* 219 Md. 83, 148 A.2d 438 (1959); *Dowse v. Gaynor,* 155 Mich. 38, 118 N.W. 615 (1908); *Smith v. Turner,* 91 N.H. 198, 17 A.2d 87 (1940); *McClellan v. F. A. North Co.,* 14 N.J.Misc. 760, 187 A. 337 (1936), *aff'd* 118 N.J.L. 168, 191 A. 753 (1937); *In re Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941); *Burrows v. French,* 34 S.C. 165, 13 S.E. 355 (1891) (by implication); *Davison v. Sasse,* 72 S.D. 199, 31 N.W.2d 758 (1948); *Wetmore v. Karrick,* 95 Vt. 318, 115 A. 234 (1921). A. Ehrenzweig, Conflict of Laws § 162, at 433 (1962). Where an action might be brought in one of several jurisdictions, a plaintiff can choose a forum with a longer statute of limitation. The common law rule thus precludes a uniform limitations period for a particular cause of action and encourages forum shopping. R. Leflar, American Conflicts Law § 128, at 307 (1968). Borrowing statutes change the common law rule governing choice of the applicable statute of limitation. R. Leflar, *supra* at 307. Borrowing statutes attempt to promote uniformity of limitation periods and to discourage forum shopping by requiring the trial court to "borrow" the statute of limitations of the jurisdiction that the legislature has determined bears the closest relationship to the action, usually the jurisdiction where the action arose. *See generally* Vernon, *Statutes of Limitation in the Conflict of Laws: Borrowing Statutes,* 32 Rocky Mt.L. Rev. 287 (1960); Ester, *Borrowing Statutes of Limitation and Conflict of Laws,* 15 U.Fla.L.Rev. 33 (1962).

These purposes of the borrowing statute would be circumvented by the construction appellant proposes. If a plaintiff could avoid the application of the borrowing statute by removing to Idaho with the stated intent of becoming a permanent resident, few instances of forum shopping would be prevented. We note that none of the more than thirty states with borrowing statutes have adopted, either by legislation or by judicial decision, a position so easily circumvented as that advanced by appellant. *See generally* Vernon, *supra.*

This court therefore holds that the language of I.C. § 5–239 as well as the general purpose of such legislation requires that "one who has been a citizen of this state" be construed to mean "one who has been a citizen of this state from the time his cause of action accrued." The trial court's ruling that the California statute of limitation is applicable and bars this action is hereby affirmed.

## II.

Appellant also argues that as construed below, the borrowing statute is unconstitutional. Appellant first argues that I.C. § 5–239 penalizes the exercise of the right to travel and, secondly, that I.C. § 5–239 violates the equal protection clause by treating residents more favorably than non-residents.

### A. RIGHT TO TRAVEL

The constitutional right to travel from one state to another is a fundamental right. *United States v. Guest,* 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966). Nevertheless, not all state action that affects interstate movement "penalizes" the right to travel. *McCarthy v. Philadelphia Civil Service Comm'n,* 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976) (upholding dismissal of Philadelphia fireman who moved to New Jersey in violation of municipal regulation requiring employees to be city residents); *United States v. Davis,* 482 F.2d 893 (9th Cir. 1973) (requirement that airline passengers and carry-on baggage be screened prior to boarding does not burden right to travel); *Linmark Associates, Inc. v. Willingboro Township,* 535 F.2d 786 (3d Cir. 1976) (ordinance prohibiting "for sale" signs on homes does not burden right to travel), *rev'd on other grounds,* 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977); *Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140 (1st Cir. 1976) (U.S. district court local rule requiring nondomiciliary plaintiffs to post security for costs does not burden interstate

travel); *Prigmore v. Renfro,* 356 F.Supp. 427 (N.D.Ala.1972) (statute allowing absentee voting only by certain classes of voters does not infringe right to travel), *aff'd* 410 U.S. 919, 93 S.Ct. 1369, 35 L.Ed.2d 582 (1973). Indeed, not even all state durational residency requirements are unconstitutional. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (one year residency requirement for filing divorce petition).

■ On the other hand, states have considerable power to adopt an appropriate conflict of laws doctrine in a situation touching more than one state. Where more than one state has sufficiently substantial contact with the activity involved in the litigation, the forum state can constitutionally apply to the case the law of one or another state having such an interest in the multistate activity. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Watson v. Employer's Liability Corp.,* 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); *Pearson v. Northeast Airlines,* 309 F.2d 553 (2d Cir. 1962), *cert. denied* 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963). *See generally* R. Leflar, *supra,* §§ 56–64; Weintraub, *Due Process and Full Faith and Credit Limitations on a State's Choice of Law,* 44 Iowa L.Rev. 449 (1959).

■ Idaho's borrowing statute is a choice of law rule that by its terms applies only where the action arises in another state—a situation that indicates another state most likely has a substantial interest in the action in most circumstances. Furthermore, the statute does not cause the application of a foreign limitations period unless the plaintiff was either not the original holder of the cause of action or was a non-resident of Idaho when the cause of action arose— situations that also indicate another state most likely has a substantial interest in the action. Idaho Code § 5–239 represents a weighing by the legislature of the potential interests of these jurisdictions and a judgment that, in order to promote uniformity of result and discourage forum shopping, an action in an Idaho court should be governed by the statute of limitations of the place where the action accrued. Although the statute represents a legislative judgment rather than a judicial one and allows no individualized determination of whether a particular plaintiff is forum shopping or whether uniform treatment is actually being promoted, such a provision is not constitutionally required. Cf. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (refusing to require individualized determination of residency).

### B. EQUAL PROTECTION

Appellant next attacks the exception in I.C. § 5–239 in favor of "one who has been a citizen of this state." Appellant argues that this exception for citizens discriminates against nonresidents and denies them the equal protection of the laws in violation of the fourteenth amendment to the United States Constitution.

■ We first note that in resolving any choice of law problem, various circumstances concerning the plaintiff and his action are weighed. The residence of the plaintiff is one such factor; it is relevant in balancing the interests of those jurisdictions that have substantial contacts with the activity involved in the litigation. The equal protection clause does not require that courts be blind to such factors in resolving choice of law problems. Cf. *Douglas v. New York, N. H. & H. R. R. Co.,* 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929) (privileges and immunities clause); *Canadian N. Ry. v. Eggen,* 252 U.S. 553, 40 S.Ct. 402, 64 L.Ed. 713 (1920) (same); *Chambers v. Baltimore and Ohio R. R. Co.,* 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907) (Same).

■ Secondly, this court recognizes that the classification in I.C. § 5–239 is not so neatly drawn against nonresidents as appellant would have it. The exception is for "one who has been a citizen of this state and who has held the cause of action from the time it accrued." Thus any "discrimination" is not only against nonresidents but also against Idaho residents who acquire a cause of action arising elsewhere by subrogation, purchase or other means. Viewed as a whole, the statute also weighs other

factors: the place where the action accrued and the statute of limitations of that jurisdiction. The manner in which these factors are weighed shows that the statute was plainly drawn to promote uniformity of treatment and discourage forum shopping. For these reasons the borrowing statute's consideration of residence as a factor in determining the applicable statute of limitations is not the kind of discrimination against nonresidents that runs afoul of the equal protection clause of the fourteenth amendment.

Today's holding is consistent with the United States Supreme Court's decision in *Canadian Northern Ry. Co. v. Eggen*, 252 U.S. 553, 40 S.Ct. 402, 64 L.Ed. 713 (1920) (cited with approval in *Baldwin v. Fish & Game Comm'n of Montana*, 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978)), in which the Court upheld the constitutionality of a Minnesota borrowing statute almost identical to our own. Although the precise holding in *Eggen* was that the statute does not violate the privileges and immunities clause, the Court's rationale is persuasive in the context of appellant's equal protection attack. In that case the Court said:

> It is plain that the act assailed was not enacted for the purpose of creating an arbitrary or vexatious discrimination against nonresidents of Minnesota.

.    .    .    .    .

> It is only when the foreign limitation is shorter than that of Minnesota, and when the nonresident who owns the cause of action from the time when it arose has slept on his rights until it is barred in the foreign state (which happens to be the respondent's case), that inequality results—and for this we are asked to declare a statute unconstitutional which has been in force for 60 years.

252 U.S. at 559–60, 40 S.Ct. at 403.

> A man cannot be said to be denied, in a constitutional or in any rational sense, the privilege of resorting to courts to enforce his rights when he is given free access to them for a length of time reasonably sufficient to enable an ordinarily diligent man to institute proceedings for their protection.

.    .    .    .    .

> The laws of Minnesota gave to the nonresident respondent free access to its courts, for the purpose of enforcing any right which he may have had, for a year—as long a time as was given him for that purpose by the laws under which he chose to live and work—and having neglected to avail himself of that law, he may not successfully complain because his expired right to maintain suit elsewhere is not revived for his benefit by the laws of the state to which he went for the sole purpose of prosecuting his suit. The privilege extended to him for enforcing his claim was reasonably sufficient and adequate and the statute is a valid law.

252 U.S. at 562–63, 40 S.Ct. at 404.

Affirmed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.