(No. 57318.—

FRANK MILLER *et al.*, Appellants, v. THOMAS LOCKETT *et al.*, Appellees.

*Opinion filed October 21, 1983.*

Heller & Morris and Assoc., Ltd., of Chicago (Anthony J. Basile, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Shaun McParland, of counsel), for appellees.

JUSTICE WARD delivered the opinion of the court:

Frank and Catherine Miller, the plaintiffs, filed a complaint in the circuit court of Cook County against Thomas Lockett and Lockett's employer, Lee Way Motor Freight, Inc. (Lee Way), for personal injuries. The plaintiffs alleged that they were injured on March 2, 1980, in Knoxville, Tennessee, when their automobile collided with a vehicle that Lockett was driving for Lee Way. According to the pleadings, the plaintiffs are Illinois residents and Lee Way is an Oklahoma corporation registered to do business in Illinois. There was no service on Lockett, who, it appears, is not an Illinois resident. The circuit court dismissed the complaint with prejudice on the ground that the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, pars. 1 through 12a and 13 through 27) made applicable a time limitation for suits contained in the Tennessee statute of limitations, which would bar the action. The plaintiffs appealed directly to this court under Rule 302(a)(1) (73 Ill. R. 302(a)(1)). While the trial court did not directly state that the section was unconstitutional it appears from its order and opinion that it regarded the residency provisions of section 20 of the Limitations Act

(Ill. Rev. Stat. 1979, ch. 83, par. 21) to be invalid. See *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 385; *Garcia v. Tully* (1978), 72 Ill. 2d 1, 7.

The complaint was filed on March 2, 1982, barely within two years of the stated date of the accident, March 2, 1980. The statute of limitations of Tennessee provides that actions for personal injuries must be commenced within one year after the cause of action accrues. (Tenn. Code Ann. sec. 28—3—104 (1980).) Section 14 of our Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15), on the other hand, provides that actions for personal injuries may be commenced within two years after the action accrues.

Section 20 of our Limitations Act, however, contains a "borrowing provision." It provides:

> "When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state." (Ill. Rev. Stat. 1979, ch. 83, par. 21.)

Whether that provision is operative here is the issue on this appeal. If the Tennessee statute of limitations is to be applied the plaintiffs' action is barred, but if the Illinois two-year statutory limit is applicable the action was timely filed.

Whether the above borrowing provision is operative is the issue here because this court in *Coan v. Cessna Aircraft* (1973), 53 Ill. 2d 526, interpreted section 20 as having a residency exception in favor of Illinois residents. In *Coan*, an Illinois resident brought an action against another resident of Illinois for personal injuries received in an airplane accident, which had occurred nearly two years earlier. The action was brought in Illinois, though the accident had occurred in Kentucky, where there also is a one-year statute of limitations for personal injuries. The plaintiff argued to the circuit court that the borrowing provision

in section 20 of the Limitations Act was to be applied only if the parties to the suit were nonresidents of this State, but the circuit court dismissed the complaint with prejudice.

This court reversed the judgment of dismissal. It observed that in a number of decisions it had been held that the borrowing provision, section 20, must be read together with section 18 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 19), which had been enacted in the same year. At the time *Coan* was decided, and before a portion of the section was declared unconstitutional by this court in *Haughton v. Haughton* (1979), 76 Ill. 2d 439, *cert. denied* (1980), 444 U.S. 1102, 62 L. Ed. 2d 789, 100 S. Ct. 1069, section 18 provided:

> "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this state." Ill. Rev. Stat. 1969, ch. 83, par. 19.

The court judged that because section 18 explicitly provided that it was not operative if both parties are nonresidents of Illinois, section 20 is operative only in the cases not covered by section 18, that is, only where all of the parties are nonresidents of this State. Otherwise, the court observed, the two sections would be in conflict in certain situations, such as where the parties are residents of Illinois, but the action arose outside this State and the defendant leaves Illinois. In so holding, this court affirmed much earlier interpretations of the statute by the appellate court. See *Orschel v. Rothschild* (1925), 238 Ill. App. 353; *Chicago Mill & Lumber Co. v. Townsend* (1916), 203 Ill.

App. 457; *Delta Bag Co. v. Frederick Leyland & Co.* (1912), 173 Ill. App. 38.

Under the holding in *Coan,* then, the borrowing provision in section 20 would not be applicable here, as the plaintiffs are Illinois residents, and the plaintiffs could proceed with their action. Lee Way argues, though, and the argument was accepted by the circuit court, that the interpretation of a residence exception in the borrowing provision of section 20 is no longer available in view of the decision in *Haughton v. Haughton* (1979), 76 Ill. 2d 439, *cert. denied* (1980), 444 U.S. 1102, 62 L. Ed. 2d 789, 100 S. Ct. 1069.

In *Haughton,* this court held that the portion of section 18 that restricted the application of the tolling provision to Illinois residents was violative of the equal protection clauses of the Constitution of the United States (U.S. Const., amend. XIV) and of the State of Illinois (Ill. Const. 1970, art. I, sec. 2). This court pointed to decisions in which the Supreme Court held invalid State statutes that denied benefits to persons unable to meet residency requirements. (*E.g., Shapiro v. Thompson* (1969), 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (striking a statute that denied welfare benefits to those who had not resided in the State a year).) Because this court saw no legitimate State interest served by the residence classification in section 18, and because no legitimate interest or other rational basis for it was offered by the parties, this court held the residence classification in section 18 invalid under even a minimal scrutiny or rational-relationship test. 76 Ill. 439, 446.

Lee Way criticizes this court's decision in *Coan,* and secondly, argues that *Haughton,* by holding invalid the residency provision of the tolling provision in section 18, implicitly overruled *Coan.* Finally, Lee Way says, too, that under *Haughton* any residency exception made to the borrowing provision in section 20 would be likewise uncon-

stitutional.

In criticizing the holding in *Coan,* Lee Way simply repeats the arguments that were advanced in *Coan,* and that were rejected by this court. They need not be restated here.

We would observe that the legislature has not chosen to amend the borrowing provision in section 20 since it was construed in *Coan* 10 years ago. Too, the borrowing provision has been reenacted without change as part of the new Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—210 (eff. July 1, 1982). Where the legislature chooses not to amend a statute after a judicial construction, it will be presumed that it has acquiesced in the court's statement of the legislative intent. *People ex rel. Boylan v. Illinois Central Gulf R.R. Co.* (1978), 72 Ill. 2d 387, 393; *People v. Hairston* (1970), 46 Ill. 2d 348, 353, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.

Neither do we consider that *Coan* was overruled by *Haughton. Haughton* concerned only the tolling provision in section 18; there was no mention by the court of *Coan* or of the borrowing provision in section 20. When this court interprets a statute, as in *Coan,* that interpretation is considered as a part of the statute itself unless and until the legislature amends it contrary to the interpretation. *Roth v. Yackley* (1979), 77 Ill. 2d 423, 428; *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 456, *cert. denied* (1972), 409 U.S. 982, 34 L. Ed. 2d 245, 93 S. Ct. 317.

Thus, the holding in *Haughton* that the residence exception in the tolling provision in section 18 was unconstitutional cannot be considered to have overruled the court's earlier construction of the borrowing provision in section 20. The construction of the borrowing provision of section 20 in *Coan* was an examination of the legislature's intent in enacting the borrowing provision, and *Haughton* certainly did not relate to the legislative intent behind section 20.

We observe, too, that the contention that the interpretation of section 20 made in *Coan* was undercut by *Haughton* has been made before. In *Norman v. Kal* (N.D. Ill. 1982), 550 F. Supp. 736, 739, the argument Lee Way makes here was advanced and rejected.

*Haughton* may be considered relevant, though, on the question of whether the residency exception in *Coan* is constitutional, an issue not presented or decided in *Coan,* but it is not relevant as to whether *Coan* was correctly decided. It is true that the construction in *Coan* of the borrowing provision was based upon a construction of that provision in section 20 together with the tolling provision in section 18 as being statutes *in pari materia.* To consider, however, that the partial invalidation of the tolling provision affects the construction of the borrowing provision would be to confuse two separate issues, namely, validity and construction. Sutherland on Statutory Construction explains in regard to the construction of statutes *in pari materia*:

> "An act relating to the same subject matter need not be a valid and existing statute to be construed with an ambiguous act in order to determine its meaning. Because questions having to do with the meaning of a statute are independent of issues concerning its validity, unconstitutional statutes relating to the same subject matter may be considered in order to determine the legislative intent in enacting a statute." 2A A. Sutherland, Statutory Construction sec. 51.04 (4th ed. 1973).

As to the constitutional question, Lee Way says that, as the residency provision in the tolling section of section 18, the residency exception construed in *Coan* and which is involved here serves no legitimate State interest and does not have any rational basis. It is asserted that this residency exception is therefore violative of the equal protection clauses of the Constitution of the United States (U.S. Const., amend. XIV) and of this State (Ill. Const. 1970, art. I, sec. 2).

The contention is not convincing. It appears that nearly all States with borrowing statutes have in those statutes some type of residency classification making operation of the statute dependent upon residency. (J. Ester, *Borrowing Statutes of Limitation and Conflict of Laws*, 15 U. Fla. L. Rev. 33, 69, 80-81 (1962) (all but eight borrowing statutes have express provisions relating to the plaintiff's or the defendant's residence).) Some provide an exception for resident plaintiffs. (*E.g.*, Cal. [Civ. Proc.] Code sec. 361 (West 1982); Idaho Code sec. 5—239 (1979); N.Y. [Civ. Prac.] Law sec. 202 (McKinney 1972).) In other jurisdictions, the operation of the borrowing statute depends upon the residency of only the defendant. (*E.g.*, Miss. Code Ann. sec. 15—1— 65 (1972).) Too, some statutes provide for the borrowing of a foreign statute of limitations only when the action arose between parties who were both nonresidents. *E.g.*, Alaska Stat. sec. 09.10.220 (1962); Or. Rev. Stat. sec. 12.260 (1981); Wash. Rev. Code Ann. sec. 4.16.290 (1962).

Lee Way is unable to cite a single decision in which a residency exception in a borrowing statute was held to be a violation of the guarantees of equal protection. A residency exception, however, has been upheld against a challenge based upon equal protection grounds (*Miller v. Stauffer Chemical Co.* (1978), 99 Idaho 299, 581 P.2d 345), and the Supreme Court has upheld a borrowing statute containing an exception in favor of citizen plaintiffs as not violating the privileges and immunities clause. (*Canadian Northern Ry. Co. v. Eggen* (1920), 252 U.S. 553, 64 L. Ed. 713, 40 S. Ct. 402). *Cf. Szlinis v. Moulded Fiber Glass Companies, Inc.* (1977), 80 Mich. App. 55, 263 N.W.2d 282 (Michigan borrowing statute does not violate equal protection, though it discriminates for limitations purposes between Michigan residents injured inside Michigan, and Michigan residents injured outside of the State).

*Miller v. Stauffer Chemical Co.* (1978), 99 Idaho 299, 581 P.2d 345, is persuasive authority in favor of residential

exceptions. The exception upheld there was in favor of plaintiffs who were citizens of Idaho when their actions accrued. The court recognized that borrowing statutes are choice of law rules, and in resolving choice of law questions, various circumstances concerning the plaintiff and the action must be weighed. The residence of the plaintiff, the court judged, was a relevant factor in balancing the interests of the jurisdictions having substantial contact with the action. The court concluded that the balance among the various factors provided by the statute showed that it was drawn to serve the interests underlying borrowing acts: to promote uniformity of periods of limitations and to discourage forum shopping.

Similarly, we judge that the statute here does not contain a prohibited discrimination. The apparent and certainly legitimate purpose underlying the residential provision is to deter forum shopping in our courts by nonresidents, as the borrowing provision does. The *Miller* court properly observed: "[S]tates have considerable power to adopt an appropriate conflict of laws doctrine in a situation touching more than one state." (99 Idaho 299, 303, 581 P.2d 345, 349.) The legislature's decision to apply Illinois' limitations standards to actions involving Illinois residents, while applying the statute of limitations of the locus in actions involving nonresidents, is not an irrational exercise of power as Lee Way contends.

For the reasons given, the judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*