**46**

Richard L. ELLIS, Appellant,

v.

James W. ANDERSON, Appellee.

No. 94–CA–000706–MR.

Court of Appeals of Kentucky.

June 30, 1995.

Harry P. Hellings, Jr., Dean A. Pisacano, Jeffrey C. Seaman, Hellings & Pisacano, P.S.C., Covington, for appellant.

Mark G. Arnzen, Robert R. Sparks, Arnzen, Parry & Wentz, P.S.C., Covington, for appellee.

Before COMBS, JOHNSON and SCHRODER, JJ.

JOHNSON, Judge:

Richard L. Ellis (Ellis) appeals a summary judgment from the Kenton Circuit Court entered February 23, 1994, which dismissed with prejudice his complaint for personal injuries against James W. Anderson (Anderson) on the ground that Ellis' cause of action is time-barred pursuant to Kentucky Revised Statutes (KRS) 413.320. We affirm.

On May 30, 1991, an automobile accident involving the vehicles Ellis and Anderson were driving occurred in Cincinnati, Ohio. At the time of the accident, Ellis and Anderson were residents of the Commonwealth of Kentucky. Ellis' insurance carrier paid basic reparation benefits to him until October 1991. On July 22, 1993, Ellis filed a complaint against Anderson in the Kenton Circuit Court seeking to recover for personal injuries allegedly sustained in the accident.

Ellis' complaint invoked the statute of limitation found in KRS 304.39–230(1), which provides in part: "If no basic ... reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced *not later than two (2) years after the last payment of benefits* (emphasis added)." Anderson thereafter filed a motion for summary judgment on September 20, 1993, arguing that Ellis' cause of action was time-barred by KRS 413.320, which states in relevant part:

When a cause of action has arisen in another state ..., and by the laws of the state ... where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall

be barred in this state at the expiration of said shorter period.

Anderson contended the Ohio statute of limitation to be borrowed by KRS 413.320 is Ohio Revised Code (ORC) 2305.10, which requires "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." ORC 2305.10 does not contain a tolling clause which extends its statute of limitation due to payment of basic reparation benefits to a claimant by a reparation obligor, as does KRS 304.39–230(1).

On February 23, 1994, the circuit court granted Anderson's motion for summary judgment, concluding that Ellis' action is time-barred by KRS 413.320, which borrows the two-year limitation of actions in ORC 2305.10. This appeal followed.

On appeal, Ellis presents the same arguments he offered to the circuit court: (1) KRS 413.320 is violative of his fundamental right to interstate travel guaranteed by the United States Constitution; and (2) ORC 2305.15(A) tolls the two-year limitation period in ORC 2305.10 because Anderson has been outside the State of Ohio since the time of the accident. Ellis maintains the circuit court erred by denying these arguments and granting summary judgment to Anderson. We disagree.

■ Ellis first asserts that KRS 413.320 is unconstitutional because it violates his fundamental right to interstate travel by limiting his right to sue in Kentucky upon causes of action which arise in other states while traveling there. KRS 413.320 is known in jurisprudence as a "borrowing statute" because it "borrows" the limitation period of another state where a cause of action accrues when that period is shorter than Kentucky's to bar the action from being brought in Kentucky. "The effect of the statute is that the foreign statute of limitations shall prevail only when the time provided thereby is shorter than the period provided by the Kentucky statute of limitations." *Seat v. Eastern Greyhound Lines, Inc.*, Ky., 389 S.W.2d 908, 909 (1965).

The Idaho Supreme Court addressed this same argument against Idaho's borrowing statute in *Miller v. Stauffer Chemical Co.*, 99 Idaho 299, 581 P.2d 345 (1978). Idaho Code (IC) 5–239 provides:

When a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action thereon can not there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state and who has held the cause of action from the time it accrued.

Ellis correctly argues that KRS 413.320 does not contain language similar to the final clause in IC 5–239, which excepts application of the borrowing statute to actions brought by "one who has been a citizen of this state and who has held the cause of action from the time it accrued." However, the Idaho Supreme Court's decision in *Miller* regarding the constitutionality of IC 5–239 on right to interstate travel grounds did not turn on this language, but on the application of the borrowing statute to a California cause of action sued upon in Idaho after the California limitation period had expired.

The Idaho Supreme Court held that Idaho's borrowing statute did not unconstitutionally infringe upon the right to interstate travel.

The constitutional right to travel from one state to another is a fundamental right. *United States v. Guest,* 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966). Nevertheless, not all state action that affects interstate movement "penalizes" the right to travel. *McCarthy v. Philadelphia Civil Service Comm'n,* 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976) (upholding dismissal of Philadelphia fireman who moved to New Jersey in violation of municipal regulation requiring employees to be city residents); *United States v. Davis,* 482 F.2d 893 (9th Cir.1973) (requirement that airline passengers and carry-on baggage be screened prior to boarding does not burden right to travel); *Linmark Associates, Inc. v. Willingboro Township,* 535 F.2d 786 (3d Cir.1976) (ordinance prohibiting "for sale" signs on homes does not burden right to travel), *Rev'd on other grounds,* 431 U.S. 85, 97 S.Ct. 1614, 52

L.Ed.2d 155 (1977); *Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140 (1st Cir. 1976) (U.S. district court local rule requiring nondomiciliary plaintiffs to post security for costs does not burden interstate travel); *Prigmore v. Renfro,* 356 F.Supp. 427 (N.D.Ala.1972) (statute allowing absentee voting only by certain classes of voters does not infringe right to travel), *Aff'd*[,] 410 U.S. 919, 93 S.Ct. 1369, 35 L.Ed.2d 582 (1973). . . .

On the other hand, states have considerable power to adopt an appropriate conflict of laws doctrine in a situation touching more than one state. Where more than one state has sufficiently substantial contact with the activity involved in the litigation, the forum state can constitutionally apply to the case the law of one or another state having such an interest in the multistate activity. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Watson v. Employer's [Employers] Liability Corp.,* 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); *Pearson v. Northeast Airlines,* 309 F.2d 553 (2d Cir.1962), *Cert. denied*[,] 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963). *See generally* R. Leflar, [*American Conflicts Law* ] ss [sic] 56–64 [ [ (1968) ]; Weintraub, *Due Process and Full Faith and Credit Limitations on a State's Choice of Law,* 44 Iowa L.Rev. 449 (1959).

Idaho's borrowing statute is a choice of law rule that by its terms applies only where the action arises in another state[,] a situation that indicates another state most likely has a substantial interest in the action in most circumstances. Furthermore, the statute does not cause the application of a foreign limitations period unless the plaintiff was either not the original holder of the cause of action or was a nonresident of Idaho when the cause of action arose[,] situations that also indicate another state most likely has a substantial interest in the action. Idaho Code s [sic] 5–239 represents a weighing by the legislature of the potential interests of these jurisdictions and a judgment that, in order to promote uniformity of result and discourage forum shopping, an action in an Idaho court should be governed by the statute of limitations of the place where the action accrued. Although the statute represents a legislative judgment rather than a judicial one and allows no individualized determination of whether a particular plaintiff is forum shopping or whether uniform treatment is actually being promoted, such a provision is not constitutionally required. *Cf. Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (refusing to require individualized determination of residency).

*Miller,* 99 Idaho at 302–303, 581 P.2d at 348–349.

Finding the Idaho Supreme Court's thorough discussion of this issue to be persuasive, we hold that KRS 413.320 does not violate an individual's fundamental right to interstate travel guaranteed by the United States Constitution.

■ Ellis next contends that Ohio's two-year limitation period (ORC 2305.10), which is the period to be applied pursuant to KRS 413.320, was tolled by ORC 2305.15(A) when Anderson left Ohio after the accident, since the time of his absence from Ohio is not computed as a part of the two-year period during which an action must be brought. ORC 2305.15(A) states:

When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action ... does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

The United States Supreme Court disposed of Ellis' argument in *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,* 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), when it held that the Ohio tolling statute (ORC 2305.15) upon which Ellis relies violated the Commerce Clause of the United States Constitution. *Bendix,* 486 U.S. at 889, 108 S.Ct. at 2220, 100 L.Ed.2d at 901. In that case, Bendix, a Delaware corporation

with its principal place of business in Ohio, filed suit for breach of contract in a diversity action in an Ohio federal district court against Midwesco, an Illinois corporation with its principal place of business in Illinois. Midwesco asserted the applicable Ohio statute of limitation as a defense, and Bendix responded by invoking ORC 2305.15, the Ohio tolling statute, contending that Midwesco's absence from Ohio had tolled the limitation period. The federal district dismissed the action because it found the Ohio tolling statute was an impermissible burden on interstate commerce, and the Sixth Circuit Court of Appeals affirmed the dismissal.

On appeal, the United States Supreme Court held:

The burden the tolling statute places on interstate commerce is significant. Midwesco has no corporate office in Ohio, is not registered to do business there, and has not appointed an agent for service of process in the State. To gain the protection of the limitations period, Midwesco would have had to appoint a resident agent for service of process in Ohio and subject itself to the general jurisdiction of the Ohio courts. This jurisdiction would extend to any suit against Midwesco, whether or not the transaction in question had any connection with Ohio. The designation of an agent subjects the foreign corporation to the general jurisdiction of the Ohio courts in matters to which Ohio's tenuous relation would not otherwise extend. *Cf. World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 62 L.Ed.2d 490, 100 S.Ct. 559 (1980). The Ohio statutory scheme thus forces a foreign corporation to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense, remaining subject to suit in Ohio in perpetuity. Requiring a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant burden. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 114, 94 L.Ed.2d 92, 107 S.Ct. 1026, 1033 (1987).

*Bendix,* 486 U.S. at 891–893, 108 S.Ct. at 2221, 100 L.Ed.2d at 902–903 (footnote omitted).

The Supreme Court further stated a test for review of state tolling provisions which withdraw statute of limitation defenses:

Although statute of limitations defenses are not a fundamental right, *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 89 L.Ed. 1628, 65 S.Ct. 1137, 1142 (1945), it is obvious that they are an integral part of the legal system and are relied upon to project [sic] the liabilities of persons and corporations active in the commercial sphere. The State may not withdraw such defenses on conditions repugnant to the Commerce Clause. Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain. *Cf. Dahnke–Walker Milling Co. v. Bondurant,* 257 U.S. 282, 66 L.Ed. 239, 42 S.Ct. 106 (1921); *Allenberg Cotton Co. v. Pittman,* 419 U.S. 20, 42 L.Ed.2d 195, 95 S.Ct. 260 (1974).

*Id.,* 486 U.S. at 893, 108 S.Ct. at 2221–2222, 100 L.Ed.2d at 903–904.

The Supreme Court then concluded that such a burden on interstate commerce by Ohio's tolling statute was unjustified.

Ohio cannot justify its statute as a means of protecting its residents from corporations who become liable for acts done within the State but later withdraw from the jurisdiction, for it is conceded by all parties that the Ohio long arm statute would have permitted service on Midwesco throughout the period of limitations.

*Id.,* 486 U.S. at 894, 108 S.Ct. at 2222, 100 L.Ed.2d at 904.

Ohio courts subsequently applied the *Bendix* decision to the tolling statute's application to out-of-state *individual* defendants and held that ORC 2305.15(A) is an imper-

missible burden on commerce. *Tesar v. Hallas,* 738 F.Supp. 240 (N.D.Ohio 1990); *Gray v. Austin,* 75 Ohio App.3d 96, 598 N.E.2d 893 (1992). In *Tesar,* a defamation action was brought in Ohio against a Pennsylvania resident who had moved from Ohio, where the tort had allegedly occurred, to Pennsylvania in order to take other employment. Recognizing the United States Supreme Court's mandate that "the movement of persons falls within . . . the Commerce Clause," *Tesar,* 738 F.Supp. at 242, *citing Edwards v. California,* 314 U.S. 160, 172, 62 S.Ct. 164, 166, 86 L.Ed. 119, 124–125 (1941), the *Tesar* court held:

> Following *Bendix*'s holding that requiring foreign corporations to submit to the general jurisdiction of Ohio courts "is an unreasonable burden on commerce," it seems plainly "unreasonable" for persons who have committed acts they know might be considered tortious to be held hostage until the applicable limitations period expires. Persons in that position . . . would be burdened to a greater degree than *Bendix*'s foreign corporations, because Ohio has no procedure that permits a person who wishes to move out-of-state to register with the state for service purposes.

*Tesar,* 738 F.Supp. at 242.

The District Court in *Tesar* further noted that a "prospective individual defendant has an even more draconian choice to make than that presented to the foreign corporation in *Bendix*" by having "to choose between traveling out-of-state and enjoying the protection of the statute of limitations." *Id.* at 242–243. In addition, as the Supreme Court had indicated in *Bendix,* the *Tesar* court concluded that the plaintiff in the case before it "would have had no trouble obtaining personal jurisdiction over [the out-of-state individual defendant] via Ohio's long arm statute" as it "provides for jurisdiction over one alleged to have caused tortious injury in the state." *Id.* at 243, *citing* ORC 2307.38.2(3).

In *Gray,* the Ohio Court of Appeals was presented with an appeal of a dismissed legal malpractice action brought in Ohio against an attorney who had moved from Ohio to the Virgin Islands to establish a law practice there. While the trial court dismissed the action as time-barred under the applicable Ohio statute of limitation, the Ohio plaintiff maintained the limitation period had been tolled by the attorney's absence from Ohio pursuant to ORC 2305.15(A). Citing both the *Bendix* and *Tesar* decisions at length, the *Gray* court held:

> Appellant Gray has not demonstrated that the methods of service available to him in this case, including long-arm service, were inadequate to subject appellee Austin to jurisdiction in Ohio during the one-year limitation period provided by R.C. 2305.11(A). The burden on interstate commerce created by the tolling provisions of R.C. 2305.15(A) exceed any local interest of the state of Ohio in withholding the limitations benefit from out-of-state parties in the position of appellee Austin. Therefore, under the rule of *Bendix,* application of R.C. 2305.15(A) to toll the statute of limitations provided by R.C. 2305.11(A), as it applies to the facts of this case, is unconstitutional.

*Gray,* 75 Ohio App.3d at 101, 598 N.E.2d at 896.

We note that in their discussions concerning the application of ORC 2305.15(A), the *Tesar* and *Gray* courts suggested an allegation that an out-of-state defendant has absconded or concealed himself to avoid service raises other considerations and might produce a different result. *Tesar,* 738 F.Supp. at 243; *Gray,* 75 Ohio App.3d at 100, 598 N.E.2d at 895. ORC 2305.15(A) expressly provides that a person who absconds or conceals himself thereby tolls the applicable Ohio statute of limitation during the period of absconding or concealment. However, no allegation was made by the Ohio plaintiffs in *Bendix, Tesar,* or *Gray* that the out-of-state defendants had absconded or concealed themselves to avoid service. As the *Gray* court stated, "The parties in those cases were simply located in other states, for legitimate reasons." *Id.,* 75 Ohio App.3d at 100, 598 N.E.2d at 895. Likewise, Ellis did not argue before the circuit court nor does he contend on appeal that Anderson has absconded from Ohio or concealed himself to avoid service by means of the Ohio long arm statute. On the contrary, Anderson is located in Kentucky because he resides in Ken-

tucky. Therefore, we need not discuss this particular issue further.

Based upon the well-established authority of the United States Supreme Court's opinion in *Bendix* which found ORC 2305.15(A) to be an unconstitutional burden upon interstate commerce as applied to out-of-state corporate defendants and the subsequent application of the *Bendix* decision by Ohio federal and state courts in *Tesar* and *Gray* to out-of-state individual defendants, we hold that ORC 2305.15(A) did not toll the two-year limitation period imposed by ORC 2305.10 and borrowed by Kentucky under KRS 413.230 within which Ellis was required to sue upon his cause of action for bodily injury.

As a result, we further hold that the Kenton Circuit Court properly granted summary judgment to Anderson based upon the issues raised herein. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991). Accordingly, the judgment of the Kenton Circuit Court is affirmed.

All concur.