DRUCILLA FREDERICK LeBLANC *et al.*, Plaintiffs-Appellants, v. G.D. SEARLE & COMPANY, Defendant-Appellee.

First District (5th Division)   No. 87—3415

Opinion filed November 18, 1988.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and William J. Jovan, of counsel), for appellants.

William P. Richmond, Robert R. Watson, and David B. Johnson, all of Sidley & Austin, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Drucilla and Wade LeBlanc, Louisiana residents, appeal from an order of the circuit court of Cook County dismissing their strict liability complaint against defendant, G.D. Searle & Co. (Searle), a Delaware corporation, in which (1) Drucilla alleged she suffered kidney failure as a result of her use of Demulen-28, a birth control pill manufactured by Searle, and (2) Wade claimed loss of consortium. For the reasons set forth below, we affirm.

The trial court dismissed plaintiffs' complaint based on the "borrowing statute" (Ill. Rev. Stat. 1985, ch. 110, par. 13—210) of our Limitations Act (Ill. Rev. Stat. 1985, ch. 110, par. 13—101 et seq.), which provides:

"Foreign limitation. When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

The statute is applied only where none of the parties are Illinois residents (see Miller v. Lockett (1983), 98 Ill. 2d 478, 457 N.E.2d 14) and the foreign statute of limitations is shorter than that of Illinois (Bemis v. Stanley (1879), 93 Ill. 230).

Here, it is undisputed that plaintiffs' cause of action arose in Louisiana. Searle concedes it has its principal place of business in Illinois, but contends that the Demulen-28 was manufactured and sold from its place of business in Puerto Rico. The trial court reasoned that inasmuch as Searle was incorporated in Delaware, it was a resident of Delaware, not of Illinois, for purposes of the borrowing statute. Ac-

cordingly, plaintiffs' potentially timely complaint under Illinois' two-year limitations statute (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) was barred by Louisiana's one-year statute (L.S.A. CC 3942) pursuant to application of our borrowing statute.

On appeal, plaintiffs argue that since Searle has its principal place of business in Illinois, it is in fact an Illinois resident and, therefore, the trial court erroneously applied the borrowing statute in dismissing their complaint. In support of their argument, plaintiffs cite to the law of other jurisdictions which have held that a foreign corporation is a resident of the State where it has its principal place of business or is qualified to do business for purposes of their borrowing statutes. (See *Cowan v. Ford Motor Co.* (5th Cir. 1983), 719 F.2d 785; *Allegaert v. Warren* (S.D.N.Y. 1979), 480 F. Supp. 817; *Drudge v. Overland Plazas Co.* (S.D. Iowa 1981), 531 F. Supp. 210, *aff'd* (8th Cir. 1982), 670 F.2d 92.) Plaintiffs also adopt the "common sense arguments" advanced by the trial judge in his opinion, *i.e.*, that in light of the fact that often the central authority and orders of a foreign corporation emanate from its offices where it has its principal place of business and, on the other hand, a corporation may only have a shadow existence in the State of its incorporation, if he were "writing on a clean slate" a foreign corporation's residency status should be determined on the basis of both its State of incorporation and the State where it has its principal place of business, as "adopted by the federal Judicial Code for diversity purposes."

We find, however, as did the trial court, that Illinois law is to the contrary. This court, in *Thornton v. Nome & Sinook Co.* (1931), 260 Ill. App. 76, 82, quoting Thompson on Corporations, section 565, described the residency status of a foreign corporation as follows:

> " 'A corporation like a natural person must have a legal residence \*\*\*. The first and prime rule is that a corporation is a resident, or has its legal domicile in the state or country by and under whose laws it was organized. As said by one court: "A corporation can exist only within the sovereignty which created it, although, by comity, it may be allowed to do business in other jurisdictions through its agents. It can have but one legal residence, and that must be within the state or sovereignty creating it." \*\*\* *The mere fact that a corporation has its principal office in a particular state, does not make it a resident of that state.*' " (Emphasis added.)

The *Thornton* court further observed that foreign corporations operating in Illinois and subject to process in this State may be considered as residents only insofar as they are amenable to service within the

State the same as a domestic corporation. To hold otherwise "would result in the anomaly of holding that a corporation, doing business in numerous States may have a residence in every State where it operates, which is contrary to sound reason and the almost unanimous rule that a corporation can have but one residence, that being the State of its creation." 260 Ill. App. at 83. See also *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 102, 383 N.E.2d 977, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052 (a corporation is usually considered to be domiciled where it is incorporated).

■ Plaintiffs argue that the *Thornton* residency definition is inapplicable to the situation here because the issue in *Thornton* concerned whether a foreign corporation could be said to have been a resident of Illinois within the meaning of the *tolling statute* (section 18) as it existed at that time (Cahill's Ill. Rev. Stat. 1929, ch. 83, par. 19), which was later declared unconstitutional in *Haughton v. Haughton* (1979), 76 Ill. 2d 439, 394 N.E.2d 385, *cert. denied* (1980), 444 U.S. 1102, 62 L. Ed. 2d 789, 100 S. Ct. 1069. We disagree. Only the validity of the residency requirement contained in section 18 was declared unconstitutional in *Haughton.* As stated in *Miller v. Lockett* (1983), 98 Ill. 2d 478, 484, 457 N.E.2d 14, quoting 2A A. Sutherland, Statutory Construction §51.04 (4th ed. 1973), " '[b]ecause questions having to do with the meaning of a statute are independent of issues concerning its validity, unconstitutional statutes relating to the same subject matter may be considered in order to determine the legislative intent in enacting a statute.' " The *Thornton* court defined a foreign corporation's residency status within the meaning of section 18 pursuant to its interpretation of the legislature's intent, a statute relating to the same subject matter of section 20—our borrowing statute. The *Miller* court subsequently concluded, based on its consideration of section 18 with section 20, that the legislative intent in enacting the borrowing statute was to deter forum shopping in our courts by nonresidents. Similarly, in light of the rationale of *Thornton,* we believe its definition of a foreign corporation's residency status is applicable for the purpose of determining residency under the borrowing statute. But see *Hollins v. Yellow Freight System, Inc.* (N.D. Ill. 1984), 590 F. Supp. 1023.

■ We also reach the same conclusion based upon the common law rule that "a corporation is considered a resident only of the state(s) in which it is incorporated, and not of all states in which it is licensed to do business or subject to the jurisdiction of the local courts." *Hollins v. Yellow Freight System, Inc.* (N.D. Ill. 1984), 590 F.

Supp. 1023, 1026, citing 8 W. Fletcher, Cyclopedia of the Law of Private Corporations §4025 (rev. perm. ed. 1982); *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.

■ We further observe that a determination of whether a foreign corporation should be deemed a resident of a State where it is doing business must be based upon the statute involved and its purpose. (18A Am. Jur. 2d §306 (1985).) Plaintiffs cite to a number of cases in which our courts have held corporations incorporated in other States with their principal places of business in Illinois to be Illinois residents for the purpose of application or nonapplication of various statutes. (See *Furst v. Brady* (1940), 375 Ill. 425, 31 N.E.2d 606 (situs of chose in action against a decedent's liability insurer); *Charles Friend & Co. v. Goldsmith & Seidel Co.* (1923), 307 Ill. 45, 138 N.E. 185 (attachment statute); *Bank of North America v. Chicago, Danville & Vincennes R.R. Co.* (1876), 82 Ill. 493 (pretrial procedure).) However, those cases were decided in light of the purpose of each particular statute; no broad pronouncement was made holding that a foreign corporation's residence is, *in all circumstances,* either where it is incorporated, licensed to do business, or has its principal place of business.

■ We also note other instances in which our legislature has expressly provided that foreign corporations are considered Illinois residents for specific purposes. For example, the Code of Civil Procedure provides that for purposes of venue a corporation is a resident of any county in which it has an office or does business, whereas a corporation not authorized to do business in Illinois is a nonresident (Ill. Rev. Stat. 1985, ch. 110, par. 2—102(a)) and, under the Illinois Vehicle Code, a corporation is a resident of this State if it is incorporated or has its principal place of business in Illinois (Ill. Rev. Stat. 1985, ch. 95½, par. 1—173). However, the point is that the legislature has made these provisions based upon specific purposes. On the other hand, our legislature has left our borrowing statute intact notwithstanding the judicially created residency exception in favor of Illinois residents. (See *Miller v. Lockett* (1983), 98 Ill. 2d 478, 485, 457 N.E.2d 14.) Had the legislature intended to make foreign corporations, either doing business in Illinois or having their principal place of business here, residents for the purpose of the borrowing statute, it could easily have done so. Since it has not, this court sees no basis for judicially amending the borrowing statute to provide an additional welcome mat in front of our courts' doors for causes of actions grown stale in the

State in which they arose. To do so would contravene the purpose of our borrowing statute—deterrence of forum shopping.

In light of the above, we find it unnecessary to address any additional points of argument made by the parties. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P.J., and PINCHAM, J., concur.