BARBARA TIMBERLAKE, Plaintiff-Appellant, v. ILLINI HOSPITAL, Defendant-Appellee.

Third District   No. 3—95—0401

Opinion filed February 7, 1996.

Jeffrey C. McDaniel, of Anderson & Nelson, of Rock Island (Richard J. Trinrud, of counsel), for appellant.

McGehee, Boling, Whitmire, Olson & Pepping, Ltd., of Silvis (Douglas Olson, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

In this case we consider whether section 13—217 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—217 (West 1994)) prohibits plaintiff from filing her lawsuit for the second time in an Illinois court after a Federal district court declined to exercise jurisdiction over her State law claims and dismissed the case. We reluctantly conclude that section 13—217 bars plaintiff's claim.

On October 20, 1992, plaintiff Barbara Timberlake filed a four-count complaint, cause No. 92—L—328, against defendant Illini Hospital in the circuit court of Rock Island County. Count I alleged breach of contract, count II was based on a theory of promissory estoppel, count III alleged retaliatory discharge in violation of Illinois law, and count IV alleged retaliatory discharge in violation of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1001 *et seq.* (1990)). The defendant filed a motion to dismiss the complaint on the basis that it was preempted by ERISA. Plaintiff subsequently voluntarily dismissed her complaint without prejudice pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1994)).

On March 31, 1993, plaintiff filed a complaint in Federal district court alleging retaliatory discharge in violation of ERISA, breach of contract and promissory estoppel. The allegations contained in this complaint were based on the same facts, and pleaded the same causes of action, as the complaint filed in cause No. 92—L—328. The defendant filed a motion for summary judgment which was granted by the district court on August 18, 1994, on the basis that, *inter alia*, plaintiff was not a participant in defendant's ERISA plan at the time defendant allegedly discriminated against her. The court also found that because plaintiff's ERISA claim failed, it could not "exercise subject matter jurisdiction over [p]laintiff's state common-law claim concerning breach of contract and promissory estoppel, but must remand these claims to state court."

Plaintiff subsequently filed a motion to reinstate cause No. 92—L—328 in the circuit court of Rock Island County. That motion was denied on January 3, 1995. Plaintiff then refiled her suit against defendant in the circuit court as cause No. 95—L—11 on January 11, 1995. Plaintiff also filed a motion for reconsideration of the motion to

reinstate cause No. 92—L—328. On March 5, 1995, the circuit court denied plaintiff's motion for reconsideration and granted defendant's motion to dismiss cause No. 95—L—11. This appeal followed.

■ Plaintiff acknowledges that this case is controlled by section 13—217 of the Code, which provides:

"Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by the United States District Court for improper venue." 735 ILCS 5/13—217 (West 1994).

■ Our supreme court has interpreted section 13—217 as permitting "one, and only one, refiling of a claim even if the statute of limitations has not expired." (*Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, 254, 582 N.E.2d 720, 721.) Accordingly, after plaintiff voluntarily dismissed cause No. 92—L—328 in the circuit court of Rock Island County, she was limited to a single refiling of her claim. Plaintiff exercised that right to refile when she filed her complaint in Federal district court. *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078 (Federal claim, premised on identical core of operative facts as previously dismissed State claim, constituted single refiling allowed under section 24 of the Limitations Act, now section 13—217); see also *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 518 N.E.2d 1051 (plaintiff who refiled in Federal court following voluntary dismissal of initial Federal suit was barred by section 13—217 from filing in State court).

Plaintiff contends, however, that because her State law claims were dismissed by the Federal court for lack of pendent jurisdiction,

the "one-time right to refile" rule does not apply.[1] Plaintiff relies on *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, 513 N.E.2d 1041, in which the plaintiff refiled in Federal court following dismissal of his claim in State court. After plaintiff's Federal claims were dismissed, his pendent State claims were also dismissed. Plaintiff then refiled his complaint in State court and the defendant sought dismissal on the basis of section 13—217, which the circuit court denied. On appeal, plaintiff argued that the intervening Federal action should not preclude him from refiling in State court because the State law claims were merely present as matters of Federal pendent jurisdiction. The appellate court agreed, finding that "[where] the interposed Federal action was dismissed, causing pendent jurisdiction to be terminated, that termination did not constitute the single allowable refiling under section 13—217." *Fanaro*, 160 Ill. App. 3d at 1036-37, 513 N.E.2d at 1044-45.

We believe that *Fanaro* is contrary to *Phillips* and *Gendek* and is inconsistent with *Flesner*. In both *Phillips* and *Gendek*, a refiling in Federal court was held to constitute the single refiling permitted under section 13—217. Nevertheless, plaintiff asks us to find, like the *Fanaro* court, that the dismissal of her Federal action due to lack of pendent jurisdiction somehow transforms the Federal case into a nonfiling. However, we fail to see how the reason for dismissal can turn a Federal lawsuit into a nonevent. The *Fanaro* court's rationale was that termination of pendent jurisdiction "was not a dismissal for lack of subject matter jurisdiction since the district court never affirmatively acted to exercise pendent jurisdiction and never considered whether the claim could have been maintained." (*Fanaro*, 160 Ill. App. 3d at 1036, 513 N.E.2d at 1044.) It is clear, however, that the Federal courts in *Fanaro* and in this case acquired jurisdiction over the State claims when the Federal suits were filed (*United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 725, 16 L. Ed. 2d 218, 228, 86 S. Ct. 1130, 1138 ("if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to

---

[1]The doctrine of pendent jurisdiction has been superseded by statute (28 U.S.C. § 1367 (1994)) and is now referred to as "supplemental jurisdiction." However, "the new statute is intended to codify rather than to alter the judge-made principles of pendent and pendent party jurisdiction." (*Brazinski v. Amoco Petroleum Additives Co.* (7th Cir. 1993), 6 F.3d 1176, 1182.) Because the parties have used the term "pendent jurisdiction" throughout their briefs and because the principal case on which plaintiff relies uses that term, we will do likewise to avoid confusion.

hear the whole") (emphasis in original)), and those courts could have ruled on the State claims even after the Federal claims were dismissed (see *Carnegie-Mellon University v. Cohill* (1988), 484 U.S. 343, 350 n.7, 98 L. Ed. 2d 720, 730 n.7, 108 S. Ct. 614, 619 n.7 (dismissal of pendent State claims is not mandatory even where Federal claims are dismissed before trial)).

In any event, whether the Federal district court declined to exercise pendent jurisdiction, dismissed for lack of subject matter jurisdiction or dismissed for some other reason is, we believe, irrelevant. *Flesner* unequivocally held that section 13—217 permits only one refiling, and it carved out no exception for refilings that are subsequently dismissed for lack of pendent jurisdiction. Once plaintiff invoked the provisions of section 13—217 by voluntarily dismissing her first suit, she had only one opportunity to refile, regardless of the outcome of that refiling.

Plaintiff further argues that the *Flesner* court misinterpreted section 13—217 when it held that only a single refiling was permitted even where the statute of limitations had not expired. Plaintiff points out that section 13—217 was intended to be a savings provision, not a limitations provision. As Justice Cunningham stated in his dissent in *Flesner*:

> "I believe that section 13—217 is a saving provision which is not intended to come into operation during the applicable statute of limitations, but rather to operate only when the limitations period may serve to cut off a plaintiff's action. The statute allows the plaintiff an opportunity to take full advantage of whatever time is available under the applicable statute of limitations, and should that limitations period have run or be on the verge of running, allow the plaintiff one final opportunity to salvage his cause. There is no danger of prejudice to the defendant under these circumstances since the threat of continual filings is cut off upon reaching the applicable statute of limitations and then the one potential use of section 13—217." *Flesner*, 145 Ill. 2d at 262-63, 582 N.E.2d at 725 (Cunningham, J., dissenting, joined by Clark, J.).

Plaintiff maintains that it is inequitable to limit her to a single refiling when the statute of limitations had not expired and where she has diligently pursued her claim in good faith and not for purposes of harassment. Plaintiff contends that application of the bright line rule announced in *Flesner* is not justified under the circumstances of this case. Plaintiff submits that the dissent in *Flesner* properly analyzed section 13—217 and would permit her to refile her case in the circuit court.

Like the plaintiff, we believe that section 13—217 should not pro-

hibit plaintiff from refiling her case under the facts presented here. "The purpose of section 13—217 *** is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." (*Gendek*, 119 Ill. 2d at 343, 518 N.E.2d at 1053.) Despite this acknowledged purpose, application of section 13—217 in this case *prevents* the disposition of plaintiff's claim on the merits and *compels* dismissal on grounds unrelated to the merits. We are not free, however, to disregard the clear and unequivocal holding of *Flesner* merely because we might have ruled otherwise. There is no legitimate distinction to be drawn in plaintiff's case which would extricate it from *Flesner*'s grasp. We must affirm the dismissal of plaintiff's complaint.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

HOLDRIDGE, P.J., and McCUSKEY, J., concur.