SHARON L. NICHOLS *et al.*, Plaintiffs-Appellants, v. G.D. SEARLE AND COMPANY *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—95—0678

Opinion filed July 22, 1996.

Jeffrey M. Goldberg & Associates, Ltd., of Chicago (Jeffrey M. Goldberg, of counsel), and Pardieck, Gill & Vargo, of Seymour, Indiana (Roger Pardieck, of counsel), for appellants.

Sidley & Austin, of Chicago (Anne E. Rea, of counsel), and Venable,

Baetjer & Howard, L.L.P., of Baltimore, Maryland (Paul F. Strain and Dino S. Sangiamo, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs, Sharon L. Nichols, David R. Nichols, Roberta Walls, Charles Walls, Janet Rae Fregonese, Tamara M. Felix, Gail R. Zucker, Kenneth Jay Wolf, Sharon P. Loftus, Michael J. Loftus II, Pauline Johnson, Bonnie Eugenia Crownover, George Donald Crownover, Jr., Joyce Elaine Andrew-Lavage, William Michael Andrew-Lavage, Cheryl Jane Gerhart, Ronald Scott Gerhart, Catherine Susan Larosa, Irene Sylvia Angelico, and Abbey Jack Neidik appeal the dismissal of their consolidated claims against defendants, G.D. Searle & Co., Searle Pharmaceuticals, Inc., and Searle Laboratories, a division of Searle Pharmaceuticals, Inc. (Searle).

The 12 female plaintiffs involved in this appeal brought actions sounding in negligence, fraudulent misrepresentation, and strict liability in the circuit court of Cook County to recover for injuries caused by the Copper-7 intrauterine contraceptive (the Cu-7) manufactured by Searle. The eight male plaintiffs brought loss of consortium claims related to their wives' injuries.

Plaintiffs previously filed individual lawsuits in the United States District Court of the District of Maryland. On January 22, 1992, the Maryland District Court dismissed plaintiffs' claims, along with 59 similar Cu-7 lawsuits, for lack of personal jurisdiction. See *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233 (D. Md. 1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993). Plaintiffs filed a post-judgment motion to have their cases transferred to the federal court in Illinois in lieu of dismissal. The Maryland District Court denied the motion, and on January 21, 1993, plaintiffs refiled their claims in the circuit court of Cook County.

■ The circuit court found plaintiffs' claims untimely under the Illinois borrowing statute (735 ILCS 5/13—210 (West 1992)), which provides that where an action arises outside of this state, the statute of limitations of the jurisdiction in which the action arose is applied. Plaintiffs concede that their claims are time-barred under the laws of their home jurisdictions. However, they contend that their claims arose in Illinois and are saved by the Illinois savings statute. 735 ILCS 5/13—217 (West 1992). That statute permits a plaintiff, whose action was dismissed by a United States District Court for lack of jurisdiction, to commence a new action within one year of such dismissal, whether or not the time for bringing suit has expired while the prior action was pending.

■ Thus, this court must determine where plaintiffs' claims arose. The Illinois courts apply the most significant relationship test to

determine where a cause of action arose. *Esser v. McIntyre*, 169 Ill. 2d 292, 297-98, 661 N.E.2d 1138, 1141 (1996); *Ingersoll v. Klein*, 46 Ill. 2d 42, 45, 262 N.E.2d 593, 595 (1970). Under this test, the law of the place of injury is presumed to apply, unless some other jurisdiction is shown to have a greater relationship to the facts of the case. *Esser*, 169 Ill. 2d at 298, 661 N.E.2d at 1141; *Ingersoll*, 46 Ill. 2d at 45, 262 N.E.2d at 595.

Four factors are considered to determine which state has the most significant relationship. These are: (1) the place where the injury occurred; (2) the place where the conduct occurred; (3) the domicile, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship of the parties is centered. *Esser*, 169 Ill. 2d at 298, 661 N.E.2d at 1141; *Ingersoll*, 46 Ill. 2d at 47-48, 262 N.E.2d at 596.

■ Applying these factors to this case, it is clear that plaintiffs' actions did not arise in Illinois. None of the injuries occurred in Illinois. Although some of the allegedly tortious conduct occurred in Illinois, such as the development and partial manufacturing of the Cu-7, the distribution of the Cu-7 occurred in each plaintiff's place of injury. While Searle's principle place of business is in Illinois, it is incorporated in Delaware, and none of the plaintiffs are domiciled in Illinois. Finally, the relationship between the parties is centered in the state where each plaintiff was prescribed and used the Cu-7. We cannot hold that this state's relationship to the facts of this case is greater than that of the place of injury for each plaintiff.

■ Plaintiffs also argue that the borrowing statute should not apply because in *Coan v. Cessna Aircraft*, 53 Ill. 2d 526, 293 N.E.2d 588 (1973), the supreme court held that this statute does not apply where either party is a resident of Illinois. Plaintiffs contend that Searle should be considered an Illinois resident because its principal place of business is in Illinois.

However, in *LeBlanc v. G.D. Searle & Co.*, 178 Ill. App. 3d 236, 533 N.E.2d 41 (1988), this court held that, for purposes of the Illinois borrowing statute, a corporation is considered a resident only of the state in which it is incorporated. This court found that although Searle's principal place of business is in Illinois, Searle is not a resident of Illinois under the borrowing statute. *LeBlanc*, 178 Ill. App. 3d at 238-39, 533 N.E.2d at 43.

We decline plaintiffs' invitation to overrule *LeBlanc* and hold that the borrowing statute applies here. Therefore, plaintiffs' claims were properly dismissed as untimely. In light of the clear application of the borrowing statute, we find it unnecessary to address the issues regarding the application of the Illinois savings statute.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiffs' claims is hereby affirmed.

Affirmed.

WOLFSON and BRADEN, JJ., concur.