NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

               Docket No. 80700--Agenda 14--November 1996.

     BARBARA TIMBERLAKE, Appellant, v. ILLINI HOSPITAL, an Illinois

                  Not-For-Profit Corporation, Appellee.

                     Opinion filed January 30, 1997.

     JUSTICE HARRISON delivered the opinion of the court:

     The issue before this court is whether section 13--217 of the

Code of Civil Procedure (735 ILCS 5/13--217 (West 1994)) permits

plaintiff to refile her state law claims in state court within the

applicable limitations period after she has already taken a

voluntary dismissal without prejudice pursuant to section 2--1009

of the Code of Civil Procedure (735 ILCS 5/2--1009 (West 1994)) and

made an unsuccessful attempt to pursue her claims in federal

district court, which declined to exercise supplemental

jurisdiction. The circuit court held that section 13--217 did not

permit plaintiff to refile under these circumstances, and the

appellate court affirmed (277 Ill. App. 3d 1041). We granted

plaintiff's petition for leave to appeal. 155 Ill. 2d R. 315. For

the reasons which follow, we affirm.

     On October 20, 1992, plaintiff, Barbara Timberlake, filed a

four-count complaint against her former employer, defendant, Illini

Hospital, in the circuit court of Rock Island County. Count I

alleged breach of contract, count II asserted a claim based on a

theory of promissory estoppel, count III alleged retaliatory

discharge in violation of Illinois law, and count IV asserted a

separate retaliatory discharge claim for violation of the Employee

Retirement Income Security Act (ERISA) (29 U.S.C. §1001 et seq.

(Supp. 1990)). On January 6, 1993, defendant filed a motion to

dismiss this complaint asserting that state court jurisdiction was

preempted by ERISA. On March 5, 1993, Timberlake voluntarily

dismissed her complaint without prejudice pursuant to section 2--

1009 of the Code of Civil Procedure (735 ILCS 5/2--1009 (West

1994)).

     Plaintiff subsequently refiled her complaint in federal

district court on March 31, 1993, asserting claims for retaliatory

discharge in violation of ERISA, breach of contract, and promissory

estoppel. The claims contained in this complaint arose out of the

same set of facts and pleaded the same causes of action as

plaintiff's first complaint filed in state court. Plaintiff's

complaint invoked federal subject matter jurisdiction as to the

ERISA claim, and federal supplemental jurisdiction (28 U.S.C. §1367

(Supp. 1990)) as to the state common law claims.

     Defendant filed a motion in the district court for summary

judgment, contending that under the undisputed facts of this case,

defendant committed no violation of ERISA. On August 18, 1994, the

district court granted defendant's motion, reasoning that plaintiff

did not qualify for protection under ERISA because she was not a

participant in defendant's ERISA plan at the time defendant

allegedly discriminated against her. The district court further

held that because plaintiff's ERISA claim failed, it could not

exercise supplemental jurisdiction over plaintiff's state common

law claims concerning breach of contract and promissory estoppel.

The district court concluded that it must remand these common law

claims to state court for further action. Timberlake did not appeal

the district court's order.

     On December 29, 1994, Timberlake filed a notice of remand and

motion to reinstate her original cause of action in the circuit

court of Rock Island County. That motion was denied on January 3,

1995. The circuit court found that it was without authority to

vacate the earlier order of voluntary dismissal that plaintiff had

asked the court to enter. Timberlake then refiled her cause of

action in the circuit court on January 11, 1995, within the

applicable statute of limitations. Timberlake also asked the

circuit court to reconsider its order of January 3, 1995, denying

her motion to reinstate he original cause of action.

     On March 5, 1995, the circuit court denied Timberlake's motion

for reconsideration. The court also dismissed Timberlake's current

cause of action pending before the circuit court on the grounds

that section 13--217 did not authorize her to renew her action in

state court under the circumstances present here. The appellate

court subsequently affirmed that judgment, holding that section 13-

-217 of the Code of Civil Procedure entitles a plaintiff to only

one refiling after taking a voluntarily dismissal without prejudice

even if the statute of limitations has not expired, and plaintiff

here exhausted her one-time right to refile when she filed her

complaint in federal district court. 277 Ill. App. 3d 1041. Because

Timberlake's federal suit amounted to the single allowable

refiling, the appellate court held that Timberlake was not

permitted a second refiling in state court under section 13--217.

We granted leave to appeal (155 Ill. 2d R. 315) and now affirm.

     As both parties to this litigation acknowledge, the question

of when a plaintiff can refile an action after taking a voluntary

dismissal is controlled by section 13--217 of the Code of Civil

Procedure. That statute is a saving provision which allows

plaintiffs to refile a cause of action if its prior disposition was

based on reasons outlined in the statute. Specifically, section 13-

-217 provides:

               "In the actions specified in Article XIII of this

          Act or any other act or contract where the time for

          commencing an action is limited, if judgment is entered

          for the plaintiff but reversed on appeal, or if there is

          a verdict in favor of the plaintiff and, upon a motion in

          arrest of judgment, the judgment is entered against the

          plaintiff, or the action is voluntarily dismissed by the

          plaintiff, or the action is dismissed for want of

          prosecution, or the action is dismissed by a United

          States District Court for lack of jurisdiction, or the

          action is dismissed by a United States District Court for

          improper venue, then, whether or not the time limitation

          for bringing such action expires during the pendency of

          such action, the plaintiff, his or her heirs, executors

          or administrators may commence a new action within one

          year or within the remaining period of limitation,

          whichever is greater, after such judgment is reversed or

          entered against the plaintiff, or after the action is

          voluntarily dismissed by the plaintiff, or the action is

          dismissed for want of prosecution, or the action is

          dismissed by a United States District Court for lack of

          jurisdiction, or the action is dismissed by the United

          States District Court for improper venue." 735 ILCS 5/13-

          -217 (West 1994).

     Section 13--217 provides plaintiffs with the absolute right to

refile their complaint within one year or within the remaining

period of limitations, whichever is greater. Gendek v. Jehangir,

119 Ill. 2d 338, 340 (1988). However, it was not intended to permit

multiple refilings of the same action. This court has interpreted

section 13--217 as permitting only one refiling even in a case

where the applicable statute of limitations has not yet expired.

Flesner v. Youngs Development Co., 145 Ill. 2d 252, 254 (1991).

     In Flesner, plaintiffs initiated their lawsuit in United

States District Court for the Central District of Illinois in May

of 1981. The district court dismissed plaintiffs' cause of action

for lack of subject matter jurisdiction in November of 1981.

Plaintiffs refiled their action in state court in April of 1982 and

later voluntarily dismissed their lawsuit.

      Subsequently, plaintiffs refiled their suit for a second time

in state court within the applicable limitations period. Their suit

was dismissed, but the circuit court granted plaintiffs' motion to

reconsider and reinstated the lawsuit. This court reversed the

reinstatement of plaintiffs' suit, reasoning that "section 13--217

expressly permits one, and only one, refiling of a claim even if

the statute of limitations has not expired." Flesner, 145 Ill. 2d

at 254. According to Flesner, after the United States district

court dismissed plaintiff's suit for lack of jurisdiction, section

13--217 permitted only a single refiling.

     As in Flesner, the refiling provisions specified in section

13--217 clearly apply in the case at bar. Section 13--217

specifically provides that after taking a voluntary dismissal, a

plaintiff may commence a new action within one year or within the

remaining period of limitation, whichever is greater. Accordingly,

Timberlake was entitled to a single refiling of her claim after

taking a voluntary dismissal of her original cause of action filed

in the circuit court of Rock Island County. Timberlake exercised

her one opportunity to refile when she filed her complaint in

federal district court.

     In an effort to avoid this conclusion, Timberlake argues that

the federal district court's subsequent refusal to exercise

supplemental jurisdiction over her state law claims here is

distinguishable from the dismissal for lack of subject matter

jurisdiction that was involved in Flesner. In support of her

position, Timberlake cites Fanaro v. First National Bank, 160 Ill.

App. 3d 1030 (1987), but that case predates our decision in Flesner

and is based on the erroneous assumption that pendent jurisdiction,

now part of what is known as supplemental jurisdiction (28 U.S.C.

§1367 (Supp. 1990)), is different from subject matter jurisdiction.

In fact, supplemental jurisdiction is a form of subject matter

jurisdiction. See Myers v. County of Lake, 30 F.3d 847, 850 (7th

Cir. 1994); 28 U.S.C.A. §1367, Practice Commentary, at 829 (West

1993). Accordingly, a dismissal for lack of supplemental

jurisdiction has no different effect on a plaintiff's right to

refile under section 13--217 than does a dismissal for lack of

subject matter jurisdiction generally. Raper v. St. Mary's

Hospital, 181 Ill. App. 3d 379, 382 (1989).

     The reasoning of Fanaro is flawed for another reason as well.

Fanaro assumes that where a plaintiff has taken a voluntary

dismissal in state court and then had her case dismissed by the

federal court, the reason for the federal court's decision is

relevant in assessing whether she should be permitted to refile her

cause of action yet again under section 13--217. This is incorrect.

Under the statute, the reason a cause of action was originally

dismissed is important in determining whether a plaintiff can

subsequently refile, but after the case has been filed a second

time, the reason for the second dismissal is of no consequence at

all. No matter why the second dismissal took place, the statute

does not give plaintiff the right to refile again. As this court

expressly held in Flesner, 145 Ill. 2d 252, section 13--217 permits

one, and only one, refiling of a claim.

     For the foregoing reasons, the judgment of the appellate court

is affirmed.

   

                                                                  Affirmed.