FIRST DIVISION
 March 4, 1997










 No. 1-95-3114
ÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄ
 IN THE
 APPELLATE COURT OF ILLINOIS
 FIRST JUDICIAL DISTRICT
ÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄ

WINSTON KO AND DOROTHY KO, ) Appeal from the
 ) Circuit Court of
 Plaintiffs-Appellants, ) Cook County.
 ) 
 ) 
 v. ) No. 94 L 13564 
 )
 )
ELJER INDUSTRIES, INC., ELJER ) The Honorable
MANUFACTURING, INC., HOUSEHOLD ) Willard J. Lassers,
MANUFACTURING, INC., HOUSEHOLD ) Judge Presiding. 
INTERNATIONAL, INC., SCOTT G. ) 
ARBUCKLE, and ROBIN G. MUNDEN, ) 
 ) 
 Defendants-Appellees. ) 
 
ÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄ
 
 JUSTICE GALLAGHER delivered the opinion of the court:

 The plaintiffs, Winston and Dorothy Ko (the Kos), allege
that they, as guarantors of a promissory note, were defrauded by
the corporate defendants, Eljer Industries, Inc., Eljer
Manufacturing, Inc., Household Manufacturing, Inc., Household
International, Inc., and the individual defendants, Scott G.
Arbuckle (Arbuckle), and Robin G. Munden (Munden).
 On August 1, 1995, pursuant to section 2-619 of the Code of
Civil Procedure (735 ILCS 5/2-619 (West 1994)), the circuit court
granted the motion of defendants Eljer Industries, Inc., Eljer
Manufacturing, Inc. (formerly Household Manufacturing, Inc.),
Scott G. Arbuckle and Robin G. Munden and dismissed all of the
Kos' claims against them. On August 10, 1995, the court entered
an order and final judgment, which dismissed all claims against
all defendants, including Household International, Inc. This
appeal was taken from those final orders. We affirm.
FACTUAL AND PROCEDURAL HISTORY
 The chronology of events in this case is long and tortuous. 
On September 20, 1984, Simonds Cutting Tools N.A., then a
subdivision of Household Manufacturing, Inc., which is now Eljer
Manufacturing, Inc., entered into an agreement with the Kos'
family-owned company, Kowin Development Corp. The intent of the
agreement was to create a company to manufacture steel cutting
files and other tools. The new corporation was called Kowin-
Simonds, Inc. Approximately two months later, Kowin Development
Corp. transferred half of its interest in the new company to
Croft Investment Ltd. 
 In 1985, Kowin-Simonds, Inc., entered into a joint venture
contract with Beijing Steel Files Plant of China to invest in a
file manufacturing plant in China. Kowin-Simonds borrowed
$2,500,000 from the Bank of America, evidenced by two promissory
notes of $1,250,000 each. In November 1985, the Kos executed a
continuing guaranty of one of the notes. Household Manufacturing
guaranteed the other note. 
 The Kos allege that Household Manufacturing represented from
March 1987 onward that it could purchase millions of files from
the joint venture and would do so but for the alleged inability
of the joint venture to manufacture files of quality and in the
numbers required in the joint venture agreement.
 The Kos further allege that Simonds Industries, the
successor in interest to Household Manufacturing, submitted
ostensible purchase orders, asserted its willingness to purchase
files, and made other representations to conceal the facts from
the Kos.
 The Kos further have alleged that the machinery for the
manufacture of the files, which was sold to Kowin-Simonds by
Household Manufacturing for $3,500,000, had a market value of
only $600,000, was unfit for its intended purpose, could not be
installed or operated by Chinese personnel, and had never been
tested.
 Based upon these and other misrepresentations, both oral and
written, which the Kos alleged induced them to enter into the 
agreement with the Household entities, Kowin Development Corp.,
individually and derivatively on behalf of Kowin-Simonds, brought
suit in the federal District Court for the Central District of
California on March 17, 1988, against Household Manufacturing and
Simonds Cutting Tools, N.A. The complaint alleged securities
fraud, fraud and deceit, breach of contract, breach of fiduciary
duty, constructive fraud, negligent misrepresentation and
subrogation.
 In December 1989, the district court granted Household
Manufacturing's motion to compel arbitration and stayed all legal
proceedings. The parties proceeded to arbitration in Chicago.
 On January 31, 1990, Kowin-Development was dissolved. The
Kos succeeded to the rights and interests of Kowin-Development
with regard to the federal court litigation. Also in January
1990, the loan to Kowin-Simonds was called by the Bank of
America. In March 1990, the Kos allege that they were forced to
personally execute a new note to the Bank of America for the
remaining $625,000 of principal. The Kos were required to give,
as security on this new note with an increased interest rate, a
second trust deed on their Commodore Hotel property. On December
21, 1990, the new note matured, requiring the Kos to sell the
Commodore Hotel property at a loss of $2 million.
 On October 30, 1992, the arbitrator rendered his award in
favor of Kowin Development Corp. and the Kos as successors in
interest. On March 1, 1993, the federal District Court for the
Northern District of Illinois affirmed in part the arbitrator's
decision. The Seventh Circuit Court of Appeals also affirmed in
part the award. The United States Supreme Court denied a
petition for certiorari. The Kos ultimately were awarded over $10
million in damages. 
 On May 24, 1993, the complaint in the federal action in
California was amended to name the Kos as individual plaintiffs
and to name additional defendants, including Household
International, Inc., Eljer Industries, Inc., Eljer Manufacturing,
Inc., Arbuckle and Munden. The complaint set forth six causes of
action for securities fraud, and one each of RICO, fraud and
deceit, breach of fiduciary duty, constructive fraud and
negligent misrepresentation. Thereafter, on November 2, 1993,
the federal securities claims and RICO claims were dismissed as
time barred. The district court declined to exercise pendent
jurisdiction as to the remaining state claims and dismissed them
without prejudice. The Kos did not appeal the district court's
order.
 The Kos then filed, on October 13, 1994, an action in the
circuit court of Cook County against Eljer Industries, Inc.,
Eljer Manufacturing, Inc., Household Manufacturing, Inc., and
Household International, Inc., alleging a variety of state law
causes of action. The Kos then dismissed this action voluntarily
on October 26, 1994. On the same day, they filed another action
against the same defendants, but added Arbuckle and Munden as
defendants.
 In January 1995, defendants filed motions to dismiss. In
August 1995, the circuit court dismissed this action on the bases
of collateral estoppel, res judicata, the time bar of the statute
of limitations, as well as section 13-210 (735 ILCS 5/13-210
(West 1994)) and section 13-217 of the Illinois Code of Civil
Procedure (735 ILCS 5/13-217) (West 1994)). For the following
reasons, we affirm the judgment of the circuit court.
ANALYSIS
 Our review of the trial court's grant of defendants' motions
under section 2-619 is de novo. Kedzie & 103rd Currency Exchange,
Inc. v. Hodge, 156 Ill. 2d 112, 619 N.E.2d 732 (1993). When a
defendant makes a motion to dismiss under section 2-619, all
well-pleaded facts and reasonable inferences are accepted as true
for the purpose of the motion. Hermitage Corp. v. Contractors
Adjustment Co., 166 Ill. 2d 72, 85, 651 N.E.2d 1132, 1139 (1995). 
A reviewing court may affirm a dismissal granted pursuant to
section 2-619 on any grounds supported by the record, regardless
of the trial court's reasons. See Nagy v. Beckley, 218 Ill. App.
3d 875, 878, 578 N.E.2d 1134, 1136 (1991).
 The Kos raise six issues on appeal as grounds for reversal:
 (1) Whether collateral estoppel operates to bar them
 from litigating the state claims even though the district
 court declined to exercise jurisdiction, rather than
 actually decide the merits of those claims;
 (2) When the causes of action of the Kos individually
 accrued;
 (3) Whether California or Illinois statutes of
 limitations apply;
 (4) Whether defendants are equitably estopped from
 asserting a statute of limitations defense;
 (5) Whether this action is barred by operation of
 section 13-217; and
 (6) Whether plaintiffs' causes of action were tolled
 as to any individual defendants between the time of accrual
 and the time of filing of the Illinois complaint.
We will consider each of these issues in the order listed above.
Collateral Estoppel
 The first issue plaintiffs raise is whether collateral
estoppel operates to bar them from litigating the state claims
even though the district court declined to exercise jurisdiction,
rather than actually decide the merits of those claims. We agree
with the plaintiffs that collateral estoppel does not bar this
action under the instruction of Ballweg v. City of Springfield,
114 Ill. 2d 107, 499 N.E.2d 1373 (1986), where there was no final
adjudication on the merits by the district court. "[T]he parties
are bound not by issues which could have been litigated but only
by those which were litigated***." City of Burbank v. Glazer, 76
Ill. App. 3d 294, 298, 395 N.E.2d 97, 100 (1979). In the present
case, although the issue of accrual date was litigated for
purposes of the federal law claims and although the reasoning may
be relevant to the issue of the accrual date for purposes of the
state law claims, there was no ruling on the merits of any state
law claim that would trigger collateral estoppel. 
Accrual of Cause of Action
 The second issue the Kos raise is when their individual
causes of action accrued. The circuit court below concluded that
the accrual date for the Kos' causes of action was March 17,
1988. This decision was based on the court's determination that
there could be no question that the Kos knew, at least by that
date, that this injury was wrongfully caused because the Kos
caused Kowin to file suit on that date. Therefore, despite our
disagreement with the trial court's finding of collateral
estoppel, we agree with the reasoned analysis of the court's
independent determination as to when the cause of action accrued.
 In determining when the Kos' causes of action accrued, the
circuit court found persuasive and agreed with the reasoning of
the district court in the federal litigation as delineated in the 
order entered by that court. The district court in California
had concluded that the corporate predecessor to the Kos, to whose
rights the Kos have succeeded, knew of an injury as of March 17,
1988, when the original lawsuit was filed in district court in
California alleging securities fraud as well as state law causes
of action for fraud and deceit, constructive fraud, negligent
misrepresentation, and breach of fiduciary duty. The Kos contend
on appeal that the district court's comment as to when the cause
of action accrued for purposes of the state law claims was
unnecessary and therefore, essentially obiter dictum. Because
"[d]icta is a much maligned legal expression" (Wolf v.
Meister-Neiberg, Inc., 194 Ill. App. 3d 727, 730, 551 N.E.2d 353,
355 (1990), aff'd, 143 Ill. 2d 44, 570 N.E.2d 327 (1991)), we
believe it is incumbent upon us to offer our own obiter dictum. 
 "It is often stated that all except that which is necessary
to the decision of a case is obiter dictum. This is misleading,
for nothing but the bare finding of the court is absolutely
necessary to its decision as between the parties. For the
purpose of legal precedent, we must look to all the issues
presented by the facts of the case and to the legal principles
applied by the court in the final determination of those issues. 
Our Supreme court has made a distinction between judicial dictum
and obiter dictum, meaning that a legal principle deliberately
passed upon by a court establishes a precedent." Larson v.
Johnson, 1 Ill. App. 2d 36, 40-41, 116 N.E.2d 187, 189 (1953)
citing Scovill Manufacturing Co. v. Cassidy, 275 Ill. 462, 470,
114 N.E. 181 (1916). 
 "Obiter dicta, even of the supreme court, are not binding
authority, although they may be persuasive." People v. Dylak, 258
Ill. App. 3d 141, 143, 630 N.E.2d 164, 165-66 (1994). "The term
*** obiter dictum *** means a remark or opinion uttered by the
way. *** [A]s a general rule [it] is not binding as authority or
precedent within the stare decisis rule. [Citations.] On the
other hand, an expression of opinion upon a point in a case
argued by counsel and deliberately passed upon by the court,
though not essential to the disposition of the cause, if dictum,
is a judicial dictum [Citations.] And further, a judicial dictum
is entitled to much weight, and should be followed unless found
to be erroneous. [Citations.]" Cates v. Cates, 156 Ill.2d 76, 80,
619 N.E.2d 715, 717 (1993).
 In the federal litigation, as in the present litigation, the
plaintiffs vigorously argued that the date of discovery of their
action corresponded to the date they actually incurred certain
damages. The district court rejected their arguments, and it is
clear from the order of dismissal that the parties argued and the
court considered the elements necessary for determining whether a
cause of action had accrued under Illinois law. The court stated
that "there can be no dispute that Plaintiffs knew of their
injury no later than the filing of the original complaint in
March, 1988." Therefore, the district court's comment as to when
the cause of action accrued for purposes of the state law claims
was not a mere obiter dictum, as plaintiffs contend but, rather,
a judicial dictum entitled to much weight and which should be
followed. Even if we accept the Kos' characterization of the
district court's decision as "obiter dictum," we would
nevertheless accept the reasoning as highly persuasive.
 We recognize that this case could be distinguished from
those cited above in view of the fact that the judicial dictum
was a comment (1) proffered by a federal court, (2) in an order
and not a published opinion and (3) which stated a legal
proposition applying to the undisputed facts of this case, but
not necessarily a "rule." We need not address these
distinctions, however, since our decision is not solely based
upon the judicial dictum, but also on our own application of
Illinois law to the undisputed facts of this case.
 The circuit court in this action, applying the Illinois rule
that a cause of action accrues when a person knows or should know
(1) of his/her injury, and (2) that the injury was wrongfully
caused (Witherell v. Weimer, 85 Ill. 2d 146, 156, 421 N.E.2d 869,
874 (1981)), determined that the Kos' state claims accrued on
March 17, 1988. We agree.
 The Kos cannot claim that their corporate predecessor, the
family-owned Kowin Development Corp., filed the very same causes
of action in California as in Illinois but that they did not know
at that time both that they had been individually injured and
that the defendants caused the injury. Such a contention ignores
the long and arduous history of this litigation. The same
underlying facts and the same causes of action are pursued here. 
The Kos cannot assert a lack of knowledge in Illinois as to what
they clearly and forcefully asserted in California in 1988 caused
Kowin considerable injury. We conclude that the accrual date for
the Kos' causes of action was March 17, 1988.
Section 13-210
 Plaintiff's third contention is that the Illinois statutes
of limitations apply here. They argue that the trial court erred
in applying the shorter California statutes of limitations
pursuant to the Illinois "borrowing statute," which provides:
 "Foreign limitation. When a cause of
 action has arisen in a state or territory out
 of this State, or in a foreign country, and,
 by the laws thereof, an action thereon cannot
 be maintained by reason of the lapse of time,
 an action thereon shall not be maintained in
 this State. 735 ILCS 5/13-210 (West 1994).
We agree with the Kos that the Illinois borrowing statute does
not apply here. Munden is an Illinois resident and the statute
is only applied where none of the parties are Illinois residents.
See LeBlanc v. G.D. Searle & Co., 178 Ill. App. 3d 236, 237, 533
N.E.2d 41, 42 (1988).
 We do, however, agree with the circuit court that defendant
Eljer Manufacturing, formerly Household Manufacturing, is not a
resident of Illinois. Though authorized to do business in
Illinois, Eljer/Household is a Delaware corporation. The clear
rule enunciated in LeBlanc, 178 Ill. App. 3d at 240-41, 533
N.E.2d at 44, is that nonresident corporations, even though
authorized to do business in Illinois, are not residents for
purposes of the "borrowing statute." Nevertheless, since Munden
is a resident, the Illinois statutes of limitation apply in this
case.
 The first four counts of the Kos' five-count amended
complaint include fraud and deceit (count I); constructive fraud
(count II); negligent misrepresentation (count III); and breach
of fiduciary duty (count IV). Under Illinois law, each of these
counts is governed by the five-year statute of limitations
contained in section 13-205. Count V of the complaint alleges a
cause of action under the Consumer and Deceptive Business
Practices Act (Consumer Fraud Act) (815 ILCS 505) (West 1994)),
section 10a(e) of which contains a three year statute of
limitations. 
Equitable Estoppel
 The fourth issue raised by the plaintiffs is whether the
defendants are equitably estopped from asserting a statute of
limitations defense. The Kos' attempt to assert equitable
estoppel must fail. The Kos contend that their situation is
analogous to that of the plaintiff in Witherell v. Weimer, 85
Ill. 2d 146, 421 N.E.2d 869 (1981). There, plaintiff's
physicians repeatedly assured her that her medical condition was
not caused by the contraceptive they had prescribed to her. The
plaintiff therefore delayed filing suit against them and the drug
manufacturer until the statute of limitations had expired. 
Witherell is readily distinguishable from this case. There is no
conduct here that is akin to that present in Witherell. The Kos
can hardly claim they were lulled into delaying suit, since they
filed a lawsuit in March 1988.
Section 13-217
 The fifth issue plaintiffs raise is whether this action is
barred by operation of section 13-217 of the Illinois Code of
Civil Procedure. Section 13-217 provides as follows:
 "Reversal or dismissal. In the actions
 specified in Article XIII of this Act or any
 other act or contract where the time for
 commencing an action is limited, if judgment
 is entered for the plaintiff but reversed on
 appeal, or if there is a verdict in favor of
 the plaintiff and, upon a motion in arrest of
 judgment, the judgment is entered against the
 plaintiff, or the action is voluntarily
 dismissed by the plaintiff, or the action is
 dismissed for want of prosecution, or the
 action is dismissed by a United States
 District Court for lack of jurisdiction, or
 the action is dismissed by a United States
 District Court for improper venue, then,
 whether or not the time limitation for
 bringing such action expires during the
 pendency of such action, the plaintiff, his
 or her heirs, executors or administrators may
 commence a new action within one year or
 within the remaining period of limitation,
 whichever is greater, after such judgment is
 reversed or entered against the plaintiff, or
 after the action is voluntarily dismissed by
 the plaintiff, or the action is dismissed for
 want of prosecution, or the action is
 dismissed by a United States District Court
 for lack of jurisdiction, or the action is
 dismissed by the United States District Court
 for improper venue." 735 ILCS 5/13-217 (West
 1994).
 Plaintiffs assert that because this action was filed within
a year of dismissal of the federal action, the present action is
timely under section 13-217. Defendants counter that plaintiffs
are entitled only to a single refiling and argue that the present
action is a second refiling because of the previously dismissed
federal action and the previously filed and dismissed state
action.
 The Illinois Supreme Court has interpreted section 13-217 as
permitting only one refiling. Flesner v. Youngs Development Co.,
145 Ill. 2d 252, 254, 582 N.E.2d 720, 721 (1991). The pertinent
procedural aspects of that case are similar to those here.
 In Flesner, plaintiffs initiated their lawsuit in federal
court. The district court dismissed the case for lack of subject
matter jurisdiction. Plaintiffs refiled their action in state
court and later voluntarily dismissed their lawsuit. Plaintiffs
subsequently refiled their suit for a second time in state court. 
According to Flesner, after the district court dismissed their
suit for lack of jurisdiction, section 13-217 permitted only a
single refiling.
 Plaintiffs contend that the present case can be
distinguished from Flesner in view of Fanaro v. First National
Bank, 160 Ill. App. 3d 1030, 513 N.E.2d 1041 (1987). This
argument fails because Fanaro is no longer the law in view of the
recent Illinois Supreme Court decision in Timberlake v. Illini
Hospital, No. 80700 (January 30, 1997).
 In Fanaro, the plaintiff filed an action in state court,
followed by an action in federal court, followed by a second
state filing. Fanaro held that a federal district court's
refusal to exercise pendent jurisdiction over the state law
claims after the federal claims were dismissed was
distinguishable from a dismissal for lack of subject matter
jurisdiction and, thus, the federal filing did not constitute the
single permissible refiling under section 13-217. Fanaro, 160
Ill. App. 3d at 1036-37, 513 N.E.2d at 1044-45. 
 This first district decision was criticized and not followed
by the third district in Timberlake v. Illini Hospital, 277 Ill.
App. 3d 1041, 661 N.E.2d 1145 (1996). The Illinois Supreme Court
recently affirmed that decision, stating "a dismissal for lack of
supplemental jurisdiction [which now includes pendent
jurisdiction] has no different effect on a plaintiff's right to
refile under section 13-217 than does a dismissal for lack of
subject matter jurisdiction generally." Timberlake v. Illini
Hospital, No. 80700, slip op. at 5 (January 30, 1997). 
 Therefore the case filed in federal court was the first
filing, the first refiling was the case filed on October 13,
1994, and the second, impermissible refiling was the case filed
on October 26, 1996.
735 ILCS 5/13-208
 The Kos assert one last point -- that defendant Arbuckle's
temporary absence from the State of Illinois tolled the running
of the statute of limitations as to him, pursuant to section 13-
208 of the Illinois Code of Civil Procedure. This argument must
be rejected. Section 13-208 provides in pertinent part:
 "(a) If, when the cause of action
 accrues against a person, he or she is out of
 the state, the action may be commenced within
 the times herein limited, after his or her
 coming into or return to the state; and if,
 after the cause of action accrues, he or she
 departs from and resides out of the state,
 the time of his or her absence is no part of
 the time limited for the commencement of the
 action.
 (b) For purposes of subsection (a) of
 this Section, no person shall be considered
 to be out of the State or to have departed
 from the State or to reside outside of the
 State during any period when he or she is
 subject to the jurisdiction of the courts of
 this State with respect to that cause of
 action pursuant to Sections 2-208 and 2-209
 of this Act***." 735 ILCS 5/13-208 (West
 1994).
 The record is not clear as to when Arbuckle left Illinois
nor for how long, though defendants accept for purposes of
argument that he has been a resident of Texas. Here, not only
was Arbuckle subject to service of process outside of Illinois,
pursuant to the Illinois long-arm statute, he was made a party to
the California action in May 1993. Arbuckle was, at all times,
subject to the jurisdiction of Illinois.
 CONCLUSION
 The October 13, 1994 cause of action constituted the one and
only permissible refiling under section 13-217 of the Illinois
Code of Civil Procedure. Thus, having exhausted their one-time
right to refile, plaintiffs could not institute a new action on
October 26, 1994. We conclude that all claims against all
defendants are barred. Accordingly, for all the reasons stated,
the judgment of the circuit court is affirmed as to all
defendants.
 Affirmed.
 BUCKLEY AND O'BRIEN, JJ., concur.